Marine's costs, losses, liabilities, expenses and attorneys' fees in connection with the defense and administration of the customers' claims;

    c)     whether Dolphinite owes West Marine for all costs incurred by West Marine relating to the Products including, without limitation, costs related to the Products' purchased, transportation, marketing, selling , and storage and disposition of its unsold and returned inventory of the Products.

97.     A declaratory judgment as to the damage claims, recession rights and the indemnity obligations of the parties would free the parties from the uncertainty and insecurity with respect to their respective rights, duties, status and other legal relations.

98.     As further explained herein, plaintiffs are entitled to contractual and common law indemnity from Dolphinite with respect to West Marine's costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of all current and any future customers' claims related to the failure of the Products, as well as a right of recession with respect to its unsold and returned inventory of the Products purchased from Dolphinite, and related costs and expenses.

<div align="center">COUNT XIII - Breach of Express Warranties<br>(Plaintiffs v. Clean Seas)</div>

99.     The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 98 as if fully set forth herein.

100.    As more fully explained herein, upon information and belief, Dolphinite entered into a contract with Clean Seas for the manufacture of the Products. Upon information and belief, Clean Seas represented that the Products would adhere to boat hulls and would have anti-

s:\leases\2001 2003\03\03\203091

fouling, speed and ease of application properties, and that the Products would keep a boat reasonably clean of marine growth for a year.

101.   Clean Seas breached its warranties by manufacturing Products which did not adhere to boat hulls, did not have anti-fouling, speed or ease of application properties, and did not keep a boat reasonably clean of marine growth for a year.

102.   Plaintiffs have suffered, and will continue to suffer, harm as a result of Clean Sea's breach of express warranties.

## COUNT XIV - Breach of Implied Warranties of Merchantability
### (Plaintiffs v. Clean Seas)

103.   The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 102 as if fully set forth herein.

104.   Clean Seas is a merchant with respect to goods of the kind such as the Products.

105.   Upon information and belief, Clean Seas manufactured and sold the Products.

106.   The Products, as provided to West Marine, could not pass without objection in the marine trade as they neither functioned as a boat paint in that they did not adhere, nor did they have reasonable anti-fouling, speed or ease of application characteristics.

107.   The Products as provided to West Marine were not of average quality within the marine industry.

108.   The Products as provided to West Marine were not fit for the ordinary purpose for which such goods are used in that they did not adhere nor did they have reasonable anti-fouling, speed or ease of application characteristics.

s:\Cases\2001-2003\03\03\203094

109.    The Products as provided to West Marine were not of consistent quality.

110.    The Products as provided to West Marine did not conform to the promises and affirmations of fact made on the labeling of the Products as provided to West Marine in that the Products did not adhere to boat hulls nor did they have reasonable speed, anti-fouling or ease of application properties.

111.    The Products did not conform to the usage of trade in the marine industry.

112.    Each of the actions of Clean Seas as described herein is and was a breach of the implied warranties of merchantability.

113.    Plaintiffs have suffered, and will continue to suffer, harm as a direct and proximate result of Clean Seas' breach of implied warranty of merchantability.

COUNT XV - Breach of Implied Warranties
of Fitness for a Particular Purpose
(Plaintiffs v. Clean Seas)

114.    The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 113 as if fully set forth herein.

115.    At and before the time that Clean Seas manufactured and sold the Products, Clean Seas knew and had reason to know the particular purpose for which the Products were required, namely, to act as marine boat paints with anti-fouling, speed and ease of application characteristics.

116.    At and before the time that Clean Seas manufactured and sold the Products, Clean Seas knew and had reason to know that West Marine and others were relying on the manufacturer's purported skill and judgment to select, manufacture and otherwise furnish

suitable goods.

117.    The Products as provided to West Marine were not suitable goods for the particular purpose for which they were required in that they did not adhere to boat hulls and did not have anti-fouling, speed or ease of application characteristics.

118.    Clean Seas actions are and were a breach of implied warranty of fitness for a particular purpose, which directly and proximately caused, and continues to cause, injury to plaintiffs.

<div align="center">

COUNT XVI - Strict Products Liability
(Plaintiffs v. Clean Seas)

</div>

119. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 118 as if fully set forth herein.

120.    As previously alleged herein, the Products were defective in design, formulation and manufacture at the time of manufacture, distribution and sale by Clean Seas.

121.    West Marine is informed and believes that its customers used the Products in a manner reasonably foreseeable to and intended by Clean Seas, and that the Products were used by West Marine's customers in substantially the same condition as when the Products were manufactured, sold and distributed by Clean Seas.

122.    West Marine is informed and believes that as a result of the defects in the design, formulation and manufacture of the Products, West Marine's customers have suffered, and continue to suffer, injuries and damages as previously alleged herein, and have made and continue to make, damage claims to West Marine.

123. West Marine is informed and believes that as a result of the defects in the design,

formulation, and manufacture of the Products, West Marine has suffered, and continues to suffer, injuries and damages as previously alleged herein.

## COUNT XVII - Negligence
## (Plaintiffs v. Clean Seas)

124.    The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 123 as if fully set forth herein.

125.    As previously alleged herein, the Products were negligently designed, formulated, manufactured and sold by Clean Seas.

126.    West Marine is informed and believes that its customers used the Products in a manner reasonably foreseeable to, and intended by Clean Seas, and that when the Products were used by West Marine's customers, such Products were in substantially the same condition as when manufactured, sold and distributed by Clean Seas.

127.    West Marine is informed and believes that as a result of the negligence of Clean Seas in the design, formulation, manufacture and sale of the Products, West Marine's customers have suffered, and continue to suffer, injuries and damages as previously alleged herein, and have made, and continue to make, claims to West Marine.

128.    West Marine is informed and believes that as a result of the negligence of Clean Seas in the design, formulation, manufacture and sale of the Products, West Marine has suffered, and continues to suffer, injuries and damages as previously alleged herein.

## COUNT XVIII - Common Law Indemnity
## ( Plaintiffs v. Clean Seas)

129.    The plaintiffs repeat and incorporate by reference the allegations contained in

GRIFFIN & GOULKA
(781) 279-9858

s:\leases\2001-2003\03\03\203\091

paragraphs 1 through 128 as if fully set forth herein.

130.    West Marine's customers have filed claims against West Marine for damages. Such damages were caused in full or in overwhelming part by the breaches of warranty, strict products liability, negligence and/or willful conduct of Clean Seas.

131.    No action or inaction of West Marine caused any damage to the claimants who have brought claims, and any liability of West Marine to the proponents of the customers' claims is purely constructive based upon the wrongful acts of Clean Seas.

132.    Upon information and belief, Clean Seas has to date refused to provide indemnity for claims or defense costs, and it has refused to provide a defense to West Marine regarding customers' claims.

133.    Plaintiffs have incurred, and continue to incur, substantial costs, losses, liabilities, expenses and attorneys' fees in connection with the defense and administration of the customers' claims.

134.    Plaintiffs have incurred damages from customers' claims, and plaintiffs may become subject to further liabilities, costs, losses, expenses and attorneys' fees.

135.    Plaintiffs are entitled to common law indemnity from Clean Seas for all costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of the customers' claims.

<div align="center">

COUNT XIX - Declaratory Judgment Pursuant
to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57
(Plaintiffs v. Clean Seas)

</div>

136.    The plaintiffs repeat and incorporate by reference the allegations contained in

s:\Users\V2004\2003\03\03\203091

paragraphs 1 through 135 as if fully set forth herein.

136.   As set forth herein, an actual controversy as defined by 28 U.S.C. § 2201 and Fed.R.Civ.P. 57 exists as to whether Clean Seas owes plaintiffs common law indemnity for West Marine's costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of the customers' claims and/or for all costs incurred by West Marine relating to the Products including, without limitation, costs related to the Products' purchase, transportation, marketing, selling, and storage and disposition of its unsold and returned inventory of the Products.

137.   A declaratory judgment as to the indemnity obligations of the parties would free the parties from the uncertainty and insecurity with respect to their respective rights, duties, status and other legal relations.

138.   As further explained herein, plaintiffs are entitled to common law indemnity from Clean Seas with respect to West Marine's costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of all current and any future customers' claims related to the failure of the Products.

### COUNT XX - Breach of Express Warranties
### (Plaintiffs v. Suntec)

139.   The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 138 as if fully set forth herein.

140.   As more fully explained herein, upon information and belief, Clean Seas entered into a contract with Suntec for the manufacture of the Products. Upon information and belief,

Suntec represented that the Products as paints would function as normal boat paints and therefore would adhere to boat hulls and would have anti-fouling, speed and ease of application properties, and that the Products would keep a boat hull reasonably clean of marine growth for a year.

141.    Suntec breached its warranties by manufacturing products which did not adhere to boat hulls, did not have anti-fouling, speed or ease of application properties, and did not keep a boat reasonably clean of marine growth for a year.

142.    Plaintiffs have suffered, and will continue to suffer, harm as a result of Suntec's breach of express warranties.

### COUNT XXI - Breach of Implied Warranties of Merchantability
### (Plaintiffs v. Suntec)

143.    The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 142 as if fully set forth herein.

144.    Suntec is a merchant with respect to goods of the kind such as the Products.

145.    Upon information and belief, Suntec manufactured the Products.

146.    The Products, as provided to West Marine, could not pass without objection in the marine trade as they neither functioned as a boat paint in that they did not adhere, and they did not have reasonable anti-fouling, speed or ease of application characteristics.

147.    The Products as provided to West Marine were not of average quality within the marine industry.

148.    The Products as provided to West Marine were not fit for the ordinary purpose for which such goods are used in that they did not adhere and they did not have reasonable anti-fouling, speed or ease of application characteristics.

149.    The Products as provided to West Marine were not of consistent quality.

150.    The Products as provided to West Marine did not conform to the promises and affirmations of fact made on the labeling of the Products as provided to West Marine in that the Products did not adhere to boat hulls nor did they have reasonable speed, anti-fouling or ease of application properties.

151.    The Products did not conform to the usage of trade in the marine industry.

152.    Each of the actions of Suntec as described herein is and was a breach of the implied warranties of merchantability.

153.    Plaintiffs have suffered, and will continue to suffer, harm as a direct and proximate result of Suntec's breach of implied warranty of merchantability.

<div align="center">

COUNT XXII - Breach of Implied Warranties
of Fitness for a Particular Purpose
(Plaintiffs v. Suntec)

</div>

154.    The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 153 as if fully set forth herein.

155.    At and before the time that Suntec manufactured the Products, Suntec knew and had reason to know the particular purpose for which the Products were required, namely, to act as marine boat paints with anti-fouling, speed and ease of application characteristics.

156.    At and before the time that Suntec manufactured the Products, Suntec knew and had reason to know that West Marine and others were relying on the manufacturer's purported skill and judgment to select, manufacture and otherwise furnish suitable goods.

157    The Products as provided to West Marine were not suitable goods for the

particular purpose for which they were required in that they did not adhere to boat hulls and did not have anti-fouling, speed or ease of application characteristics.

158    Those actions of Suntec are and were a breach of implied warranty of fitness for a particular purpose, which directly and proximately caused, and continues to cause, injury to plaintiffs.

<div align="center">

COUNT XXIII - Strict Products Liability
(Plaintiffs v. Suntec)

</div>

159.    The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 158 as if fully set forth herein.

160.    As previously alleged herein, the Products, were defective in design, formulation and manufacture at the time of manufacture and distribution by Suntec.

161.    West Marine is informed and believes that its customers used the Products in a manner reasonably foreseeable to and intended by Suntec, and that when the Products were used by West Marine's customers, such Products were in substantially the same condition as when manufactured, sold and distributed by Suntec.

162.    West Marine is informed and believes that as a result of the defects in the design, formulation, manufacture and sale of the Products, West Marine's customers have suffered, and continue to suffer, damages as previously alleged herein, and have made, and continue to make, damage claims to West Marine.

163.    West Marine is informed and believes that as a result of the defects in the design, formulation, manufacture and sale of the Products, West Marine has suffered, and continues to suffer, injuries and damages as previously alleged herein.

GRIFFIN & GOULKA
(781) 279-9858

– 31 –

COUNT XXIV - Negligence
(Plaintiffs v. Suntec)

164. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 163 as if fully set forth herein.

165. As previously alleged herein, the Products were negligently designed, formulated, manufactured and sold.

166. West Marine is informed and believes that its customers used the Products in a manner reasonably foreseeable to and intended by Suntec, and that when the Products were used by West Marine's customers, the Products were in substantially the same condition as when manufactured, sold and distributed by Suntec.

167. West Marine is informed and believes that as a result of the negligence of Suntec in the design, formulation, and manufacture of the Products, West Marine's customers have suffered, and continue to suffer, injuries and damages as previously alleged herein, and have made, and continue to make, claims to West Marine.

168. West Marine is informed and believes that as a result of the negligence of Suntec in the design, formulation and manufacture of the Products, West Marine has suffered, and continues to suffer, injuries and damages as previously alleged herein.

COUNT XXV - Common Law Indemnity
(Plaintiffs v. Suntec)

169 The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 168 as if fully set forth herein.

170. West Marine's customers have filed claims against West Marine for damages.

s:\cases\2001-2003\0010032\0001

Such damages were caused in full or in overwhelming part by the breaches of warranty, strict products liability, negligence and/or willful conduct of Suntec.

171.    No action or inaction of West Marine caused any damage to the customers who have brought claims, and any liability of West Marine to the proponents of the customers' claims is purely based upon the wrongful acts of Suntec.

172.    Upon information and belief, Suntec has to date refused to provide indemnity for claims or defense costs, and it has refused to provide a defense to West Marine regarding customers' claims.

173.    Plaintiffs have incurred, and continue to incur, substantial costs, losses, liabilities, expenses and attorneys' fees in connection with the defense and administration of the customers' claims.

174.    Plaintiffs have incurred damages from customers' claims, and plaintiffs may become subject to further liabilities, costs, losses, expenses and attorneys' fees.

175.    Plaintiffs are entitled to common law indemnity from Suntec for all costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of the customers' claims.

<div align="center">

COUNT XXVI - Declaratory Judgment Pursuant
to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57
(Plaintiffs v. Suntec)

</div>

176.    The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 175 as if fully set forth herein.

s:\Year\2001\2003\03\03\203091

177.    As set forth herein, an actual controversy as defined by 28 U.S.C. § 2201 and Fed.R.Civ.P. 57 exists as to whether Suntec owes West Marine common law indemnity for West Marine's costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of the customers' claims and/or for all costs incurred by West Marine relating to the Products including, without limitation, costs related to the Products' purchase, transportation, marketing, selling, and storage and disposition of its unsold and returned inventory of the Products.

178.    A declaratory judgment as to the indemnity obligations of the parties would free the parties from the uncertainty and insecurity with respect to their respective rights, duties, status and other legal relations.

179.    As further explained herein, plaintiffs are entitled to common law indemnity from Suntec with respect to West Marine's costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of all current and any future customers' claims related to the failure of the Products.

<div style="margin-left:50%;">

Plaintiffs,
By their attorneys,
GRIFFIN & GOULKA

Joanne L. Goulka
92 Montvale Avenue,
Suite 2700
Stoneham, Massachusetts 02180
(781) 279-9858
B.B.O. #205500

</div>