UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC. )<br>and UNITED STATES FIRE )<br>INSURANCE COMPANY, )<br>    PLAINTIFFS )<br>)<br>v. )<br>)<br>DOLPHINITE, INC., )<br>CLEAN SEAS COMPANY, and )<br>SUNTEC PAINT, INC., )<br>    DEFENDANTS ) | CIVIL ACTION NO. 04-10251-PBS |

**STATEMENT OF MATERIAL FACTS OF RECORD
AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED
IN SUPPORT OF SUNTEC PAINT, INC'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT ON COUNTS XX, XXI, XXII, and XXIII**

Suntec Paint, Inc. maintains there is no genuine issue to be tried with respect to the following facts:

1. Suntec's business is the making of paint, and it primarily makes products used to mark athletic fields. *See Affidavit of Joseph H. Anderson* ("Affidavit"), filed herewith, ¶¶ 2-3.

2. None of Suntec's products is a marine paint. *See* Affidavit ¶ 3.

3. Suntec makes its own paint products by mixing ingredients purchased from others in proportions that vary from one type of product to the next. *See* Affidavit ¶ 2.

4. Suntec also provides "toll manufacturing" services to other companies, in which Suntec uses its equipment to mix Paint according to formulas dictated by its customers. *See* Affidavit ¶ 4.

5. In February of 2002, Clean Seas approached Suntec regarding Suntec's ability to mix marine Paint according to formulas specified by Clean Seas ("Paint"). *See* Affidavit ¶ 6.

6. After reviewing the formula specifications and other information provided to it by Clean Seas, Suntec agreed to mix Paint as specified by Clean Seas, and in fact did mix Paint under contract with Clean Seas. *See* Affidavit ¶¶ 6-7.

7. Suntec was never involved in determining the formula for Paint; Clean Seas holds the patents, which were granted before February 2002. *See* Affidavit ¶ 7.

8. Suntec mixed Paint exclusively using ingredients provided to it by Clean Seas. *See Id.*

9. When Suntec agreed to mix Paint for Clean Seas in February of 2002, it did not know that Clean Seas ultimately would sell some Paint to Dolphinite or that Dolphinite would in turn re-sell that Paint to West Marine: Clean Seas approached Suntec with a proposal regarding the mixing of Paint prior to and independently of any discussions or contract between Clean Seas and Dolphinite regarding the purchase and sale of Paint, and long before September 5, 2003, the date Plaintiffs allege West Marine and Dolphinite entered into a contract for the sale of Paint. *See* Affidavit ¶¶ 6, 8; *see also* Complaint ¶ 13.

10. Suntec is not a party to the contract between West Marine and Dolphinite or to the contract between Dolphinite and Clean Seas. *See* Affidavit ¶¶ 8, 13.

11. Suntec did not sell Paint to Plaintiffs or to anyone else—Suntec sold mixing services, to Clean Seas. *See* Affidavit ¶¶ 6, 8-9.

2

12. The sale and performance of those services occurred exclusively in Florida. *See* Affidavit ¶ 9.

13. Suntec received payment for its mixing services exclusively from Clean Seas in Florida. *See* Id.

14. Suntec was not involved, monetarily or otherwise, in the marketing or advertising of the Paint, nor did it determine any part of the content of the labels for the Paint: labels were provided to Suntec, which Suntec simply affixed to containers of Paint. *See* Affidavit ¶ 7.

15. Suntec did not deliver Paint to West Marine or Dolphinite, did not arrange for delivery of Paint to West Marine or Dolphinite, did not pay for delivery of Paint to West Marine or Dolphinite, and had no relationship with the trucking firm that picked up Paint at Suntec's plant in Florida. *See* Affidavit ¶ 9.

16. Suntec is not a party to any contract with West Marine or Dolphinite. *See* Affidavit ¶ 10.

17. Suntec did not solicit business from West Marine or Dolphinite or negotiate any contract with West Marine or Dolphinite. *Id.*

18. Suntec had no contact with Dolphinite until sometime in early 2003, when Dolphinite called Suntec to ask about when it could expect shipments of Paint it had ordered from Clean Seas. *Id.*

19. Suntec had no contact with West Marine, in connection with the Paint or any other paint, until it received service of process in this case. *Id.*

20. Suntec provided no samples of any kind to West Marine or Dolphinite. *Id.*

21. Suntec is a Florida corporation and has its principal place of business in Florida. *See* Affidavit ¶ 11.

22. Suntec's primary market is in the Southeast, both for Suntec's own products and for its toll manufacturing services. *See* Affidavit ¶¶ 3-4.

23. Suntec does not own or lease property in Massachusetts, is not authorized to do business here, and has no employees here. *See* Affidavit ¶ 12.

24. Suntec has no sales office in Massachusetts—indeed, it has no salesmen on its staff. *See* Affidavit ¶¶ 5, 11.

25. Suntec does not otherwise have a sales representative assigned to market its products in Massachusetts: it uses telemarketers for whom Massachusetts is not a target market. *See* Id.

26. Suntec has not been a party to any contract with any Massachusetts customer for at least three years. *See* Affidavit ¶ 5.

27. Suntec has not attempted to negotiate any contracts with Massachusetts customers or otherwise solicit or do business in Massachusetts during that period. *See* Affidavit ¶¶ 10-11.

28. Suntec is aware of no instance of any Suntec-mixed product making its way into Massachusetts during the past three or four years other than the instance of Paint that reached Dolphinite here sometime in 2003, some of which was allegedly re-sold to West Marine. *See* Affidavit ¶ 5.

        Respectfully submitted
        Suntec Paint, Inc.
        By its attorneys

        */s/ Scott L. Machanic*

        Scott L. Machanic   BBO # 311120
        Holly B. Anderson, BBO # 649482
        CUNNINGHAM, MACHANIC, CETLIN,
        JOHNSON & HARNEY, LLP
        220 N. Main Street
        Natick, MA 01760

Dated: September 27, 2004    T: (508) 651-7524
        F: (508) 653-0119

228860

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 9/27/04.

Signed: _____

5