UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC. )<br>and UNITED STATES FIRE )<br>INSURANCE COMPANY, )<br>  PLAINTIFFS )<br> )<br>v. )<br> )<br>DOLPHINITE, INC., )<br>CLEAN SEAS COMPANY, and )<br>SUNTEC PAINT, INC., )<br>  DEFENDANTS ) | CIVIL ACTION NO. 04-10251-PBS |

**DEFENDANT CLEAN SEAS COMPANY'S
MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS OR TRANSFER**

Now comes Defendant Clean Seas Company ("Clean Seas") and hereby submits this memorandum of law in support of its Motion to Dismiss or to Transfer to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1404(1).

**STATEMENT OF FACTS**

Clean Seas is a corporation incorporated under the laws of the State of Florida, with its only office in Jacksonville, Florida. *See Affidavit of Martin Polsenski* ("Affidavit"), filed herewith ¶ 3. Clean Seas has distributors of its patented products in several states. *See* Affidavit ¶ 4. In January of 2003, Clean Seas entered into a distribution agreement with Defendant Dolphinite, Inc. ("Dolphinite"), a Massachusetts company. *See* Affidavit ¶ 5. The patented product sold to Dolphinite was a marine coating ("product") manufactured and sold under Dolphinite's label as "Go Fast Paint" and "Go Fast Inflatable Bottom Paint." This product was mixed in Gainesville, Florida through a contractual arrangement with Suntec, Inc., a Florida corporation. *See* Affidavit ¶ 5.

When Clean Seas entered into its distribution agreement with Dolphinite in January of 2003, it did not know that Dolphinite had contracted with or would sell the product to Plaintiff West Marine Products, Inc. for resale. ("West Marine").  Clean Seas never advertised this product in any way, nor did it exercise any control over the distribution of these products or any other product sold by Dolphinite.  See Affidavit ¶ 6.

Clean Seas has never contracted with West Marine for sale or distributorship of "Go Fast Bottom Paint" in any way.  See Affidavit ¶ 7.  West Marine is a California Corporation.  See Complaint ¶ 1.  In September of 2002, West Marine entered into a written agreement with Dolphinite for the purchase of products to be sold in West Marine's retail outlets, and through catalogues, wholesale distribution and Internet distribution sales.  See Complaint ¶ 13.  Clean Seas is not a party to the contract between West Marine and Dolphinite.  See Affidavit ¶ 7.  Plaintiffs allege that the "Go Fast Paint" and "Go Fast Inflatable Bottom Paints" they purchased from Dolphinite for resale to their customers failed to perform as warranted by Dolphinite. See Complaint ¶¶ 18, 20, 21.  Plaintiffs allege that the failure of these products to perform as expected has caused their customers to suffer injury.  See Complaint ¶¶ 22, 23.  Plaintiffs allege that the failure of these products to perform as expected has caused West Marine to suffer a variety of economic losses.  See Complaint ¶ 23.  The only property damage alleged by Plaintiffs is that suffered by its customers.  See Complaint ¶ 25.  Plaintiffs allege the following against Clean Seas:  Count XIII-Breach of Express Warranties;  Count XIV-Breach of Implied Warranties of Merchantability;  Count XV-Breach of Implied Warranties of Fitness for a Particular Purpose;  Count XVI-Strict Products Liability;  Count XVII-Common Law Negligence;  Count XVIII-Common Law Indemnity; and Count XIX-Declaratory Judgment for Indemnity.  See Complaint ¶¶ 99-138.

## **LEGAL ARGUMENT**

I.   **THE COURT SHOULD DISMISS OR TRANSFER THE MATTER TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE.**

The above-captioned matter should be dismissed or transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Section 1404(a) authorizes a District Court to transfer a case to any other district where venue is proper "[f]or the convenience of the parties and witnesses, in the interest of justice…" and it states in pertinent part:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *Id.*

The purpose of this statutory provision is to avoid waster of time, money and energy, in addition to safeguarding litigants, witnesses and the public against avoidable inconvenience and expense.

The transfer analysis should take into account the three aforementioned criterion in addition to a number of private and public interest factors that are to guide the district court's inquiry. The private interest factors include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; . . . all other practical problems that make trial of a case easy, expeditious and inexpensive [and] questions as to the enforceability of a judgment if one is obtained.

*Gulf Oil Corp.v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The public interest factors include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern

3

> the action; the avoidance of unnecessary problems in conflict of laws, or in application of foreign laws; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6, 70 L.Ed.2d 419 (1981).

In addition to the convenience of parties and witnesses, factors to be considered by the court include the availability of documents, the possibility of consolidation and the order in which the district court obtained jurisdiction. *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). The burden of proof rests with the party seeking transfer to demonstrate that there is an adequate alternative forum available and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum. *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 423 (1st Cir. 1991)(*Mercier II*). In analyzing these convenience factors, there is a strong presumption in favor of the plaintiff's home choice of forum. *Gulf Oil Corp.v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

### A. The United States District Court for the Middle District of Florida Is An Adequate Alternative Forum.

A satisfactory alternative forum requires that all parties can come within that forum's jurisdiction, and that parties will not be deprived of all remedies or treated unfairly. *Mercier, supra,* 935 F.2d at 424. In the instant matter, two out of the three named defendants (Clean Seas and Suntec) are incorporated and have their principal place of business in the State of Florida. *See* Complaint ¶ 4 and 5. These contacts are certainly sufficient to allow a Florida District Court to exercise personal jurisdiction over both Clean Seas and Suntec. *See International Shoe Company v. Washington*, 326 U.S. 310 (1945). The Middle District of Florida will also be able to exercise specific personal

jurisdiction over Defendant Dolphinite since this cause of action arises from their contacts with a Florida corporation. *See, Asahi Metal Industry Co., Ltd. V. Superior Court of California, Solano County,* 480 U.S. 102 (1987); *Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 416 (1984).

Further, there is no reason to suggest that Plaintiffs will be deprived of any of its remedies or treated differently in a Florida District Court than a District Court in the Commonwealth of Massachusetts. Under these circumstances, the United States District Court for the Middle District of Florida exists as an adequate alternative forum.

> B. **Analysis of Relevant §1404(a) Factors Strongly Favors Transfer To The Middle District of Florida.**

Although there is generally a strong presumption in favor of the plaintiff's choice of forum, it is given less deference where the plaintiff does not reside in the chosen forum. 15 Charles Alan Wright et al., Fed. Prac. & Proc. Juris.2d § 3848 (2d ed. 1986); *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 & n. 23, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)(noting that "[c]itizens or residence deserve somewhat more deference than foreign plaintiffs"). In the current case, the Plaintiffs are residents of California and New Jersey. *See,* Complaint ¶ 1 and 2. Since neither are a resident of Massachusetts, their choice of forum should be afforded less deference.

Also, there is no possibility of consolidating this claim into any other pending claim in Massachusetts. Although "where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision," in the instant matter no such identical action exists. *See Cianbro Corp., supra,* 814 F.2d at 11.

The "private interests" criteria favor transfer of this case to Florida. Such interest includes plaintiff's choice of forum, the ease of access to sources of proof, availability of a jury view of the premises. *Gulf Oil Corporation, supra* at 508. Other private interests may include such factors as the location of the books and records and whether the claim arose elsewhere. *Jumara v. State Farm*, 55 F.3d 873, 879 (3rd Cir. 1995). The locus of a majority of the material evidence is located in Florida. As the alleged defective product is solely manufactured in Florida, all documents, witnesses, and other physical evidence relating to the manufacture of the subject paint is located in Florida. This Court does not have subpoena authority over an unwilling witness from Florida.

The Plaintiffs allege a defective manufacture and design count against each defendant. Hence, the voluminous evidence relating to the manufacture and design of the paint will necessarily have to be produced during trial. Transporting these documents and witnesses to Massachusetts for the trial proceedings would result in tremendous inconvenience and expense for the Florida defendants and witnesses.

The claim against the Massachusetts defendant – Dolphinite in this matter is centered in contract-theory and will require minimal physical evidence apart from the contract itself. However, it is to be noted that Defendant Dolphinite has filed for bankruptcy protection and therefore an automatic stay is in effect relative to the Plaintiffs' claim against the only Massachusetts corporation – Dolphinite. Defendant Dolphinite has not been served with process and consequently has not filed an appearance. Plaintiffs have not obtained a lift of the automatic stay from the bankruptcy court. It is highly unlikely that the Plaintiffs' claims against Defendant Dolphinite will be resolved in this Court, but rather in an entirely different forum – through the bankruptcy court. Plaintiff West Marine is a California corporation that will not be any

more inconvenienced by attending a trial in Florida. Plaintiff United States Fire Insurance Company, as subrogee of West Marine has a principal place of business in New Jersey.

If there will be a need to view any premises during this trial, these premises will be manufacturing plants located in Florida. There are no questions as to the enforceability of a judgment against any of the defendants if it was obtained in a Florida District Court as opposed to this Court. Viewing the inconvenience and expense to the two Florida defendants in light of the minimal inconvenience caused to the remaining parties weighs strongly in favor of transfer.

The "public interest" factors also require a transfer of this case to Florida. In addressing docket congestion, this court should make a comparative determination of where the case can most quickly be resolved, rather than rely on the state of its own docket. *See Mercier II*, 935 F.2d at 428. According to the most recent Judicial Caseload Profile Report statistics on median dispute resolution times from filing to disposition, this controversy can be most quickly resolved in the Middle District of Florida. See Attached Judicial Profile. Further, Massachusetts has little interest in resolving a claim filed by California and New Jersey corporations based upon allegations of a defectively designed paint manufactured in Florida by a Florida corporation. The fact that Defendant Dolphinite, a corporation that recently filed for bankruptcy, is headquartered in Massachusetts is a mere fortuity. It is highly unlikely that the Plaintiffs' claims against Defendant Dolphinite can be resolved in this matter and forum. Based on these circumstances, this Court should not press citizens of Massachusetts into hearing this case as their community has little relation to this litigation. *See Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843.

Pursuant to the choice of law provision in the contract between Plaintiff West Marine and Defendant Dolphinite, this court will need to apply California law to resolve the contractual dispute. *See* Complaint ¶ 17. If the negligent manufacturing and design causes of action alleged against Clean Seas survive this motion, it is more than likely that Florida will be adjudged the forum with the most significant relation to this dispute pursuant to the Massachusetts choice of law rules. *See* Restatement (Second) of Conflict of Laws § 6 (1971). Transferring this case to Florida would avoid this potential conflict of laws problem. Further, if Florida law does apply to this dispute, the Middle District of Florida is more at home with the application of Florida law and equally as competent in its application of California contract principles.

In the case at bar, it is clear that Section 1404(a) mandates that this claim be dismissed or transferred to the Middle District of Florida. The Middle District of Florida is an adequate alternative forum. The Plaintiffs have not chosen their home forum, and their choice should not be afforded the same amount of paramount consideration typically provided by Courts in rendering a choice of venue decision. There is no possibility of consolidating this claim with any other matter currently filed within this forum. The decreased level of deference analyzed in light of the inconveniences presented by litigating this claim in this jurisdiction weigh strongly in favor of transfer.

## CONCLUSION

For the reasons stated above, this Court should dismiss this claim against Clean Seas or transfer this matter to the United States District Court for the Middle District of Florida.

                    Respectfully submitted,
                    Defendant Clean Seas Company

                    /s/ Marie Cheung-Truslow
                    Gerald W. Motejunas, Esq. BBO # 358140
                    Marie Cheung-Truslow, Esq. BBO # 558659
                    Smith & Brink
                    122 Quincy Shore Drive
                    Quincy, MA  02171
                    (617) 770-2214

October 22, 2004

## CERTIFICATE OF SERVICE

      I, Marie Cheung-Truslow, Esq. hereby certify that on October 22, 2004, I served a copy of the within document by first class mail to all counsels of record as follows:

Joanne L. Goulka
92 Montvale Avenue, Suite 2700
Stoneham, MA 02180

Scott L. Machanic, Esq,
Cunningham, Machanic, Ceitlin, Johnson & Harney, LLP
220 N. Main Street
Natick, MA  01760

                    /s/ Marie Cheung-Truslow
                    Marie Cheung-Truslow