UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC. )<br>and UNITED STATES FIRE )<br>INSURANCE COMPANY, )<br>    PLAINTIFFS )<br>)<br>v. )<br>)<br>DOLPHINITE, INC., )<br>CLEAN SEAS COMPANY, and )<br>SUNTEC PAINT, INC., )<br>    DEFENDANTS ) | CIVIL ACTION NO. 04-10251-PBS |

**DEFENDANT CLEAN SEAS COMPANY'S
COMBINED MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS AND SUMMARY JUDGMENT**

Now comes Defendant Clean Seas Company ("Clean Seas") and hereby submits this combined memorandum in support of its motion for summary judgment pursuant to Fed.R.Civ.P. 56 and motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**SALIENT FACTS**

Clean Seas is a corporation incorporated under the laws of the State of Florida, with its only office in Jacksonville, Florida. *See Affidavit of Martin Polsenski* ("Affidavit"), filed herewith ¶ 3. Clean Seas has distributors of its patented products in several states. *See* Affidavit ¶ 4. In January of 2003, Clean Seas entered into a distribution agreement with Dolphinite, Inc. ("Dolphinite"), a Massachusetts company. *See* Affidavit ¶ 5. The patented product sold to Dolphinite was a marine coating ("product") manufactured and sold under Dolphinite's label as "Go Fast Paint" and "Go Fast Inflatable Bottom Paint." This product was mixed in Gainesville, Florida through a contractual arrangement with Suntec, Inc., a Florida corporation. *See* Affidavit ¶ 5. When Clean

Seas entered into its distribution agreement with Dolphinite in January of 2003, it did not know that Dolphinite had contracted with or would sell the product to West Marine Products, Inc for resale. ("West Marine"). Clean Seas never advertised this product in any way, nor did it exercise any control over the distribution of these products or any other product sold by Dolphinite. *See* Affidavit ¶ 6.

Clean Seas has never contracted with or solicited business from West Marine for sale or distributorship of "Go Fast Bottom Paint". *See* Affidavit ¶ 7. In September of 2002, West Marine entered into a written agreement with Dolphinite for the purchase of products to be sold in West Marine's retail outlets, and through catalogues, wholesale distribution and Internet distribution sales. *See* Complaint ¶ 13. Clean Seas is not a party to the contract between West Marine and Dolphinite. *See* Affidavit ¶ 7. Plaintiffs allege that the "Go Fast Paint" and "Go Fast Inflatable Bottom Paints" they purchased from Dolphinite for resale to their customers failed to perform as warranted by Dolphinite. *See* Complaint ¶¶ 18, 20, 21. Plaintiffs allege that the failure of these products to perform as expected has caused their customers to suffer injury. *See* Complaint ¶¶ 22, 23. Plaintiffs allege that the failure of these products to perform as expected has caused West Marine to suffer a variety of economic losses. *See* Complaint ¶ 23. The only property damage alleged by Plaintiffs is that suffered by its customers. *See* Complaint ¶ 25.

Plaintiffs allege the following against Clean Seas: Count XIII-Breach of Express Warranties; Count XIV-Breach of Implied Warranties of Merchantability; Count XV-Breach of Implied Warranties of Fitness for a Particular Purpose; Count XVI-Strict Products Liability; Count XVII-Common Law Negligence; Count XVIII-Common Law

Indemnity; and Count XIX-Declaratory Judgment for Indemnity.  *See* Complaint ¶¶ 99-138.

## LEGAL ARGUMENT

I.  SINCE THERE IS NO CONTRACTUAL PRIVITY BETWEEN PLAINTIFFS AND CLEAN SEAS AND PLAINTIFFS ALLEGE PURELY ECONOMIC LOSSES, SUMMARY JUDGMENT SHOULD BE ENTERED IN CLEAN SEAS' FAVOR ON COUNTS XIII-XV, AND COUNT XVII.

Clean Seas is entitled to summary judgment on Counts XIII-XVI because Plaintiffs and Clean Seas are not in privity-of-contract and the Plaintiffs allege purely economic losses.  Massachusetts law recognizes two different warranty theories:  one that derives from contract law, the other from strict liability in tort.  *W.R. Construction & Consulting, Inc. v. Jeld-Wen, Inc.*, No. 01-100098, 2002 WL 3119480, at * 9 (D.Mass., Sept. 20, 2002). With respect to a contractual breach of warranty cause of action, M.G.L. c. 106 § 2-318 relieves the demonstration of contractual privity for certain classes of plaintiffs against manufacturers and suppliers of goods.  *Id.*  West Marine, a commercial purchaser of goods, is not within any such class and cannot establish privity-of-contract between it and Clean Seas.

Further, under the "economic loss doctrine", these damages, in the absence of any personal injury or "other property" damage, are not recoverable against a manufacturer on tort-based warranty theories.  *Bay State Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103 (1980).  This doctrine also requires summary judgment to be granted in Clean Seas' favor on Plaintiffs' tort of negligence count (Count XVII).  Hence, summary judgment on Counts XIII-XVII of plaintiffs' complaint should be granted in Clean Seas' favor.

3

A.  **A Commercial Purchaser Of Non-Consumer Goods Is Not Relieved Of Its Burden To Prove The Privity-Of-Contract Element Of Its Warranty Claims.**

As a commercial purchaser of non-consumer goods, West Marine (and its subrogee, United States Fire Insurance Company) cannot apply M.G.L c. 106, § 2-318 to avoid summary judgment on the warranty counts of their complaint. Section § 2-318 lifts the privity requirement only for warranty claims made by remote purchasers of *consumer* goods. Under Massachusetts law, "[c]ommercial plaintiffs must allege privity to maintain a breach of warranty action against a manufacturer." *Sebago, Inc. v. Beazer East, Inc.*, 18 F.Supp. 2d 70, 97-99 (D.Mass. 1998); *see also Jacobs v. Yamaha Motor Corp.*, 420 Mass. 323, 330-331 (1995)("recognizing the right of a buyer of consumer goods to sue the manufacturer directly for a breach of implied warranty or merchantability" despite lack of privity (emphasis added)); *see also Irish Venture, Inc. v. Fleetguard, Inc.*, 270 F.Supp. 2d. 84, 86-87 (D.Mass. 2003)(dismissing commercial plaintiff's warranty claims based on *Sebago* and *Jacobs* where plaintiff purchased allegedly defective good from distributor rather than defendant manufacturer). Consumer goods are those "used or bought for use primarily for personal, family or household purposes." *See* M.G.L. c. 106, 9-109.

As West Marine purchased the Paint for resale and not for its own use, the Paint does not fall into the category of a consumer good. Further, West Marine, as a commercial purchaser of the Paint, is clearly not a "person whom [Clean Seas] might reasonably have expected to use, consume, or be affected by the [Paint]." *Id.* Under these circumstances, privity-of-contract between Clean Seas and West Marine is required to sustain West Marine's warranty-based claims. Since the Plaintiffs have failed to allege and cannot prove this element, Clean Seas is entitled to summary judgment on counts XIII-XVI of Plaintiffs' Complaint.

**B.    Under The Economic Loss Rule, Plaintiffs Cannot Recover Purely Economic Damages On Tort-Based Warranty Causes Of Action.**

Plaintiffs' tort-based warranty and tort of negligence claims should be dismissed as a matter of law because their claimed damages are purely economic losses. As claims for such losses sound in contract, they are not recoverable on a tort-based warranty theory. *See Bay State Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103 (1980); *See also Aldrich v. ADD Inc.*, 437 Mass. 213 (2002); *See also W.R. Construction & Consulting, Inc. v. Jeld-Wen, Inc.,* No. 01-100098, 2002 WL 3119480, at * 9 (D.Mass., Sept. 20, 2002)(extending economic loss doctrine to reach common law negligence claim). Under Massachusetts law, in the absence of personal injury or "other property" damage, purely economic losses are unrecoverable in strict liability actions. *See id*. Economic losses are "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits <u>without any claim of personal injury or damage to other property</u>." *Marcil v. John Deere Indus. Equip. Co.*, 9 Mass. App. Ct. 625, 630 n. 3 (1980). *See also Sebago Inc., supra,* 18 F.Supp.2d at 89-90, *quoting East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 868 (1986)("the economic loss doctrine draws a distinction between the situation where the injury suffered is merely the 'failure of the product to perform properly' and the situation . . . where the plaintiff has been exposed, through a hazardous product, to an unreasonable risk of injury to his person or property.").

In the instant matter, Plaintiffs solely allege economic damages stemming from the failure of the product to perform up to the *customer's* expectation. Stated generally, West Marine alleges lost profits (both directly and indirectly) and costs of various types. United States Fire Insurance Company alleges costs defending West Marine against

customer suits under a policy of general liability insurance. Plaintiffs allege no damage to "other property," but even if they did, the only property that could have potentially been damaged was the boats to which the Paint was applied. Those boats are not owned by either Plaintiff and they cannot rely on damage to property of other persons to show damages taking those alleged outside of the economic loss rule. *See Superior Kitchen Designs, Inc. v. Valspar Industries, Inc.*, 263 F.Supp.2d 140, 145 (D.Mass. 2003)(plaintiff cannot rely on harm to property belonging to other people to show non-economic injury; plaintiff must have ownership interest in the property). Therefore, the economic loss rule prevents Plaintiffs from recovering on a tort-based cause of action, and Clean Seas is entitled to summary judgment on all of Plaintiffs' tort counts.

**II.     COUNT XVI SHOULD BE DISMISSED AGAINST CLEAN SEAS FOR FAILURE TO STATE A CLAIM AS MASSACHUSETTS LAW DOES NOT RECOGNIZE A DISTINCT STRICT PRODUCTS LIABILITY CAUSE OF ACTION.**

"Amendments to the Massachusetts version of the Uniform Commercial Code make it clear that the Legislature has transformed warranty liability into a remedy intended to be fully as comprehensive as the strict liability theory of recovery that has been adopted by a great many other jurisdictions." *Back v. Wickes Corp.*, 375 Mass. 633, 639, 378 N.E.2d 964, 968 (Mass. 1978). In accord with this legislative intent, the Massachusetts Supreme Judicial Court has held that "there is no 'strict liability in tort' apart from liability for breach of warranty under the Uniform Commercial Code, G.L. c. 106, ss. 2-314 to 2-318." *See Swartz v. General Motors Corp.*, 375 Mass. 628, 629, 378 N.E.2d 61, 62 (1978). Since this cause of action does not distinctly exist in this jurisdiction, Count XVI should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

III. **IF THE COURT DISMISSES OR GRANTS SUMMARY JUDGMENT IN FAVOR OF CLEAN SEAS ON COUNTS XIII-XVII, IT MUST ALSO DISMISS COUNTS XVIII-XIX FOR FAILURE TO DEMONSTRATE ANY FAULT WITH RESPECT TO CLEAN SEAS.**

At common law a party may seek indemnification if that party "does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another." *Stewart v. Roy Bros.*, 358 Mass. 446, 459, 265 N.E.2d 357 (1970). The cause of action exists independently of statute, and whether or not contractual relations exist between the parties. *Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A.*, 395 Mass. 366, 370, 479 N.E.2d 1386, 1388 (Mass. 1985). "The body of doctrine comprising indemnification law varies from state to state; but in Massachusetts, an indemnification claim *does require* a showing of *fault* on the part of the parties or parties against whom the demand for indemnification is leveled." *Grenier v. Vermont Log Bldgs., Inc.*, 96 F.3d 559, 566 (1st Cir. (Mass.), 1996) *citing Stewart, supra*, 358 Mass. 446, 265 N.E.2d at 365.

In the current case, the only allegations of fault made by Plaintiffs against Clean Seas are the charges of breach of warranty and negligence made in counts XIII-XVII of their complaint. If these counts are dismissed in Clean Seas' favor, Plaintiffs have failed to provide the requisite foundation for a showing of fault as to Clean Seas that would permit a claim of indemnification. In the absence of any demonstration of fault, under Massachusetts law, Counts XVIII-XIX requesting common law indemnification and a declaratory judgment for such indemnification must be dismissed.

## CONCLUSION

For the reasons stated above, dismissal or summary judgment in Clean Seas' favor on Counts XIII-XIX should be entered by the Court.

        Respectfully submitted,

        Defendant Clean Seas Company

        /s/ Marie Cheung-Truslow
        Gerald W. Motejunas, Esq. BBO # 358140
        Marie Cheung-Truslow, Esq. BBO # 558659
        Smith & Brink
        122 Quincy Shore Drive
        Quincy, MA  02171
        (617) 770-2214

October 22, 2004

## CERTIFICATE OF SERVICE

      I, Marie Cheung-Truslow, Esq. hereby certify that on October 22, 2004, I served a copy of the within motion by first class mail to all counsels of record as follows:

Joanne L. Goulka, Esq.
92 Montvale Avenue, Suite 2700
Stoneham, MA 02180

Scott L. Machanic, Esq,
Cunningham, Machanic, Ceitlin, Johnson & Harney, LLP
220 N. Main Street
Natick, MA  01760

        /s/ Marie Cheung-Truslow
        Marie Cheung-Truslow