UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC., )<br>and UNITED STATES FIRE )<br>INSURANCE COMPANY, )<br>    Plaintiffs, )<br>)<br>V. )<br>)<br>DOLPHINITE, INC., )<br>CLEAN SEAS COMPANY, and )<br>SUNTEC PAINT, INC., )<br>    Defendants ) | CIVIL ACTION<br>NO. 04-10251-PBS |

## RESPONSE TO DEFENDANT SUNTEC PAINT, INC.'S STATEMENT OF MATERIAL FACTS

1. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

2. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

3. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

4. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

5. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

6. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

7. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

8. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

9. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

10. Admitted.

11. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

12. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

13. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

14. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

15. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

16. Admitted.

17. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

18. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

19. This fact is believed to be disputed. A conference telephone call was held between counsel for plaintiffs, Clean Seas Company and Suntec Paint, Inc. on April 2, 2004. Pam Fields, general counsel for plaintiff West Marine Products, Inc. participated. Upon information and belief, a representative of Suntec Paint, Inc. (or its insurer) participated in said conference call.

20. Admitted.

21. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

22. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

23. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

24. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

25. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

26. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

27. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

28. Plaintiffs have not had an opportunity to perform discovery and cannot state whether the facts asserted are true.

## Additional Facts

29. West Marine Products, Inc. is one of the country's biggest retail sellers of boating supplies and equipment. It has retail stores in 38 States. Twelve of those stores operate in Massachusetts under the name of West Marine. Three of those stores operate in Massachusetts under the name of Boat US. They periodically send catalogs to customers in every State. The overwhelming majority of its customers are boaters who use their boats for personal or family use. (Affidavit of Pam Fields, ¶ 2).

30. Dolphinite, Inc. sold approximately 11,150 units of the paint to West Marine at a cost of $683,069. (Affidavit of Pam Fields, ¶ 3).

31. Claims of 44 customers from Massachusetts have been paid by the plaintiffs. (Affidavit of Pam Fields, ¶ 5). Approximately 399 units of paint were sold in Massachusetts or through catalog or internet sales to customers of plaintiff West Marine with a Massachusetts address. (Affidavit of Pam Fields, ¶ 5).

32. Included amongst the claims which were submitted to West Marine were claims based on allegations that more barnacles and other marine life attached itself to the hulls of boats and inflatables on which the Dolphinite marine paint was applied than would have attached themselves had no paint been applied, causing property damage to the boats. The growth reported was more than would normally be expected to occur. Insofar as inflatables were concerned, there were allegations that the barnacles and other marine life which grew on the bottoms of the inflatables rendered the inflatables completely unusable and unrepairable as a result of the damage to those bottoms, that the marine paint could not be removed, which rendered them incapable of accepting

any other bottom paint, and that the marine paint hardened and cracked the material used on the inflatables.  (Affidavit of Pam Fields, ¶ 6).

                    Plaintiffs,
                    By their attorneys,
                    GRIFFIN & GOULKA

*/s/ Joanne L. Goulka*
Joanne L. Goulka
92 Montvale Avenue, Suite 2700
Stoneham, Massachusetts 02180
(781) 279-9858
B.B.O. #205500

## CERTIFICATE OF SERVICE

Joanne L. Goulka, attorney for the plaintiffs in the above-entitled action, hereby certifies that a true copy of this document was served upon the attorney of record for each party by regular mail, postage prepaid, on October 22, 2004.

*/s/ Joanne L. Goulka*
Joanne L. Goulka