UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC. )<br>and UNITED STATES FIRE )<br>INSURANCE COMPANY, )<br>    PLAINTIFFS )<br>)<br>v. )<br>)<br>DOLPHINITE, INC., )<br>CLEAN SEAS COMPANY, and )<br>SUNTEC PAINT, INC., )<br>    DEFENDANTS ) | CIVIL ACTION NO. 04-10251-PBS |

SUNTEC PAINT'S OPPOSITION TO
WEST MARINE'S MOTION TO STRIKE THE AFFIDAVIT OF
JOSEPH ANDERSON

As clarified in the accompanying supplemental affidavit submitted by Mr. Anderson, Mr. Anderson in fact was the person involved in all of the discussions concerning Suntec's agreements with Clean Seas, and that the "us" and "we" references in fact referred to actions by Suntec as a result of Mr. Anderson's conversations. Since Mr. Anderson does in fact have personal knowledge of the facts contained in his affidavit, the affidavit is proper, and should not be striken.

Furthermore, merely because West Marine wishes to characterize Mr. Anderson's statements as "conclusory statements" does not make them so. West Marine would have the court believe that it is not possible that Mr. Anderson and Mr. Pulsinski of Clean Seas could not have had short, concise conversations, getting to the gist of the agreements to the parties without much detail. The affidavit may not be striken merely because West Marine does not like Mr. Anderson's choice of words.

We can use Paragraph 6 as an example. That supposedly offending paragraph stated the following:

6.  With respect to the type of paint involved in the present case, Clean Seas approached us in February of 2002 regarding our ability to mix marine paint to specifications desired, and supplied, by Clean Seas. We reviewed the formula specifications and other information supplied by Clean Seas, and subsequently agreed to mix the paint as specified by Clean Seas. We understand that the inquiry by Clean Seas was prior to, and independent of, its contract with Dolphinite.

Clean Seas approached "us" – Mr. Anderson - about Suntec's ability to mix marine paint to specifications desired and supplied by Clean Seas. Suntec – Mr. Anderson – reviewed the formula specifications. Suntec – Mr. Anderson agreed to mix the paint as specified by Clean Seas. There is nothing which indicates that Mr. Anderson would not have personal knowledge, and there is no reason for Mr. Anderson to submit an affidavit which said that "I told Martin Pulsinski (or some other person at Clean Seas) that Suntec would mix paint for them."

Mr. Anderson was personally involved. There is no improper "characterization" and Mr. Anderson would be permitted to testify at trial that he, on behalf of Suntec, agreed to mix paint, for Clean Seas. Details of the agreement might be the subject of cross examination, but he could testify whether or not he entered into an agreement. The issues are identical for Paragraphs 7 and 8. West Marine essentially wants discovery in the affidavit; the affidavit is perfectly proper without the detail West Marine seeks.

Furthermore, the detail is not relevant for any determination of Suntec's contacts with Massachusetts, nor for any determination of the legal sufficiency of the claims stated by West Marine.

The Motion to Strike Paragraphs 6, 7 and 8 of Mr. Anderson's affidavit should be denied.

Respectfully submitted<br>
Suntec Paint, Inc.<br>
By its attorneys<br>
<br>
_____<br>
Scott L. Machanic   BBO # 311120<br>
Cunningham, Machanic, Cetlin,<br>
   Johnson & Harney, LLP<br>
220 N. Main Street<br>
Natick, MA 01760<br>
(781) 237-7030

229964

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2004, I electronically filed the foregoing Opposition to Motion to Strike Portions of Joseph Anderson's Affidavit, together with the supporting affidavit of Joseph Anderson with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1. Joanne Goulka, Esq. at jgoulka@griffinandgoulka.com and
2. Marie Cheung-Truslow at mtruslow@smithbrink.com

_____
Scott L. Machanic