UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC.,<br>and UNITED STATES FIRE<br>INSURANCE COMPANY,<br>    Plaintiffs,<br><br>V.<br><br>DOLPHINITE, INC.,<br>CLEAN SEAS COMPANY, and<br>SUNTEC PAINT, INC.<br>    Defendants | CIVIL ACTION<br>NO. 04-10251-PBS |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT CLEAN SEAS COMPANY'S
MOTION TO DISMISS OR FOR TRANSFER**

I. **28 U.S.C. 1404 Does Not Authorize The Dismissal Of An Action**

The defendant Clean Seas Company ("Clean Seas") has moved pursuant to 28 U.S.C. 1404 that the Court dismiss plaintiffs' action or transfer it to the Middle District of Florida. That statute allows for a change of venue as to an entire action or as to motions heard or hearings held as part of the case, but does not provide for a dismissal of the suit. 28 U.S.C. 1404(a) and (b). Even if the Court were to grant Clean Seas relief, it should do no more than transfer the case. Dismissal would not be warranted.

II. **It Would Be A More Effective Use Of Judicial Resources To Keep The Case In This District**

The instant action is only one piece of the litigation picture involving plaintiffs, Dolphinite, Inc., Clean Seas and Suntec Paint, Inc. After it became apparent that the marine paint was defective, Dolphinite, Inc. filed its own action against Clean Seas and

Suntec Paint, Inc. in Essex Superior Court. Clean Seas and Suntec Paint, Inc. removed that suit to this Federal Court, where it was assigned Docket No. 1:03-CV-11659-PBS. Dolphinite, Inc.'s claims parallel those of these plaintiffs, although plaintiffs' claims are broader because they have accepted responsibility for the defective products and have already paid out over $490,000 to consumers. Both suits are assigned to the same Judge.

Dolphinite, Inc. has filed for bankruptcy in Massachusetts, and both actions are presently stayed insofar as Dolphinite, Inc. is involved. However, that stay will not remain in place forever. Dolphinite, Inc. is in the process of asking the Bankruptcy Court to allow it to employ counsel so it can pursue Dolphinite, Inc.'s rights against Clean Seas and Suntec Paint, Inc. Any recovery that can be obtained for Dolphinite, Inc. would protect the assets of Dolphinite, Inc.'s bankruptcy estate. It is also expected that the Bankruptcy Court will be asked to allow the District Court to proceed with the litigation. The most efficient use of judicial resources would be for 1:03-CV-11659-PBS (Dolphinite, Inc. v. Clean Seas and Suntec Paint, Inc.) to be tried with 1:04-CV-04-10251-PBS (the instant action). That way, the rights and liabilities of all the parties could be resolved in one proceeding, which could also help resolve the bankruptcy proceeding.

Finally, Clean Seas itself needs to be in a jurisdiction where suit can be brought against Dolphinite. As can be seen from the letter from Attorney McCann dated July 19, 2004 (annexed hereto, marked Exhibit "A"), Clean Seas intends to obtain relief from the automatic stay and then implead Dolphinite in other suits brought against Clean

Seas in other jurisdictions so that it can argue Dolphinite was "the culprit." Rather than file multiple separate third party complaints, the most efficient use of judicial resources would be for Clean Seas to crossclaim against Dolphinite in the instant action for contribution or indemnity. In the alternative, it can counterclaim against Dolphinite in Case 1:03-CV-11659-PBS.

### III. It Is Not Unduly Inconvenient Or Expensive To Litigate This Dispute In Massachusetts

Whenever parties from different States sue each other, at least one of them has to litigate the matter outside of its home State, resulting in some inconvenience to somebody. Plaintiffs have been informed that Clean Seas and Suntec Paint, Inc. are defendants in suits brought by other distributors and consumers in New Jersey and New York, so they will remain involved in out of State litigation even if this suit is transferred. Clean Seas' counsel has already filed Motions to have Michael Fioretti and Kevin McCann Admitted Pro Hac Vice as counsel for Clean Seas. They practice law in New Jersey. They will have to travel whether this case remains in Massachusetts or is transferred to Florida.[1]

An analysis of the factors Clean Seas recognizes are the appropriate factors to be considered by the Court leads to the conclusion transfer is not warranted. Adam Boulay, president of Dolphinite, Inc., will undoubtedly have to be a witness at trial. As a resident of Peabody, Massachusetts, his attendance at trial cannot be compelled, and he probably would not voluntarily travel to Florida. Clean Seas and Suntec Paint, Inc.

---

[1] Counsel understands that Scott Machanic, counsel for defendant Suntec Paint, Inc., is lead counsel for Suntec Paint, Inc., regardless of where the litigation is. Attorney Machanic is a

would have to come back to Massachusetts to depose him, and to get whatever business records Dolphinite, Inc. still has pertaining to its transactions. Parties produce voluminous documents in discovery all the time. Unless some issue arises as to their authenticity, it would be expected that counsel will agree to the admissibility of most of them, so that it would not be onerous to try the case in Massachusetts. The parties have already scheduled a view of the Florida manufacturing site (see Exhibits B-D annexed hereto[2]). This case presents no more practical problems than exist in most diversity cases.

Nor do the statistics presented by Clean Seas require that this case be transferred to the Middle District of Florida. The District Court in Massachusetts had fewer cases filed in 2003 than in 2002, while Florida had a 10.8% rise. In Massachusetts, in 2003, the pending case load per Judge was 340. In Florida it was 428. The average number of new civil cases per Judge was 246 in this jurisdiction, and 459 in Florida. While raw numbers usually do not mean much, plaintiffs do suggest that Clean Seas might be misleading the Court by providing only the median times from the filing of a case to its disposition.

IV.   **Conclusion**

The Massachusetts District Court is not only an appropriate forum to hear this case, it is the most logical choice because Dolphinite, Inc. is here and ultimately Dolphinite, Inc.'s claims and plaintiffs' claims should be heard together. Clean Seas'

---

Massachusetts attorney.
2   The inspection was scheduled for September 27, 2004, but was postponed until November 19, 2004 because of Hurricane Jeanne.

Motion to Dismiss or to Transfer should be denied.

>Respectfully submitted,
>Plaintiffs,
>By their attorneys,
>GRIFFIN & GOULKA
>
>_____
>Joanne L. Goulka
>92 Montvale Avenue, Suite 2700
>Stoneham, Massachusetts 02180
>(781) 279-9858
>B.B.O. #205500

### CERTIFICATE OF SERVICE

Joanne L. Goulka, attorney for the plaintiffs in the above-entitled action, hereby certifies that a courtesy copy of this document was served upon the attorney of record for each party by regular mail, postage prepaid, on November 2, 2004.

_____
Joanne L. Goulka

# EXHIBIT "A"

*Law Offices*

# CHANCE & McCANN

*Limited Liability Corporation*

201 WEST COMMERCE STREET
P.O. BOX 278
BRIDGETON, NEW JERSEY 08302-0212
856 451 9100
FAX: 856 455 5227
chanceandmccann@comcast.net

KEVIN P. McCANN *
* CERTIFIED BY THE SUPREME COURT OF NEW
  JERSEY AS A CIVIL TRIAL ATTORNEY
* CERTIFIED BY THE NATIONAL BOARD OF TRIAL
  ADVOCACY AS A CIVIL TRIAL ADVOCATE
* MEMBER OF THE UNITED STATES DISTRICT
  COURT OF THE SOUTHERN DISTRICT OF TEXAS
* LLM TAXATION
* R.1:40 QUALIFIED MEDIATOR
+ MEMBER PA BAR

KERON D. CHANCE
(1978-2003)

JAMES S. TAYLOR
SHIRLEY A. NAYLOR +

July 19, 2004

Stephen H. Durant, Esquire
HEDRICK, DEWBERRY, REGAN & DURANT
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202

Mr. Martin Polsenski
1301 River Place Blvd., Station 1904
Jacksonville, Florida 32207

Patrick Ellwood, Claims Department
P.O. Box 1409
Tulsa, OK 74101-1409

RE:  Edward Kacperowski, et al v. Dolphinite et al
     Docket No.: OCN-L-3015-03

Gentlemen:

Enclosed you will find a letter from Mr. Fulweiler dated July 15, 2004 and my response to same.

I did not get a chance to participate entirely on the conference call the other day, but this is my read on what is going on. I would be very happy to defend the suit in this state or any other state with Dolphinite in bankruptcy. I have been successful before in getting a stay in the bankruptcy court for the purpose of assessing liability against the bankrupt defendant with the understanding that it was uncollectible except to the extent there may be insurance proceeds that would take care of that.

As I see it, if Dolphinite is discharged from bankruptcy with a Chapter 7, we can obtain relief in the automatic stay and third party them into the cases and argue that they are the culprits, we are in a good position for the purpose of defending these claims. Members of my staff are admitted obviously in New Jersey and in Pennsylvania and shortly we will be admitted in New York. We will be in a position to defend all of these cases assuming we are authorized to do so.

Sincerely,
CHANCE & McCANN

KEVIN P. McCANN

KPM/jw
cc:  John F. Cullen, Esquire w/encl.

# EXHIBIT "B"

**CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP**

Kevin P. McCann, Esq.
Chance & McCann
201 West Commerce Street
Bridgeton, New Jersey 08302

Edwin F. Chociey, Jr., Esq.
Riker, Danzig, Scherer, Hyland & Perretti
One Speedwell Avenue
P.O. Box 1981
Morristown, NJ 07962

Jeffrey B. Loeb, Esq.
Rich May P.C.
76 Federal Street
Boston, MA 02110-2223.

Louis U. Gasparini, Esq.
Carter, Conboy, Case, Blackmore,
    Maloney & Laird, P.C.
20 Corporate Woods Blvd.
Albany, NY 12211-2362

Stephen H. Durant, Esq.
Hedrick Dewberry Regan & Durant P.A.
Suite 1600
Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202

Re: "Dolphinite" Cases

Dear Counsel:

As most of you are aware, we represent Suntec Paint with respect to the cases pending in Massachusetts, New York and New Jersey, and we are communicating on their behalf.

Suntec is contemplating discontinuing its involvement in the mixing of paint. It has decided that, whether or not it continues to mix paint, it probably will no longer will mix paint at the location where the paint involved in these cases was processed.

**CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP**

Suntec has placed that facility on the market for sale. While there is, at this time, no buyer for the premises, it is Suntec's hope that situation will change in the near future.

Suntec will retain possession of the samples of each of the batches of paint it mixed for Clean Seas. It also will retain a sample from a tank of resin which is still in its possession. However, it appears likely that the layout of the equipment will be changing in the foreseeable future.

The purpose of this communication is to advise you that changes may be occurring, so that you may take whatever reasonable actions you feel are necessary. If you would like to go to Gainesville to view and/or photograph the premises, please contact me at your earliest opportunity.

Thank you very much.

Very truly yours,
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP by

Scott L. Machanic

Cc:   James R. Korn, Esq.
      John E. Dorfman, Esq.
      W. Scott Essman
          All via email

225775

# EXHIBIT "C"

# CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP
## ATTORNEYS AT LAW

Daniel M. Cunningham
Scott L. Machanic
Dana A. Cetlin ±
David C. Johnson (1949-2000)
Peter P. Harney
Robert F. Tenney
Robert J. Riccio
Mary E. Arata
Jennifer C. Gately
Holly B. Anderson
Gregory M. Iudice
Of Counsel:
Edward C. Uehlein (1911-2003)

Lakewood Office Park
220 North Main Street
Natick, Massachusetts 01760-1100
(508) 651-7524   (781) 237-7030
FAX: (508) 653-0119
email: cmlaw@cmlaw.net

± Also Admitted in New Hampshire

Of Counsel (cont'd):
William M. Zall
Richard B. Schafer
Judith L. Melideo-Preble
Richard A. Zucker
Paralegals:
Jenny Hall Maltais
Pamela J. Szretter
Naomi E. Dennis
Joanne Kramar Zall
Kelly J. Carter
Shelley R. Kamen

August 4, 2004

VIA FACSIMILE ONLY

John F. Cullen, Esq.
42 Eighth Street
Suite 1000
Charlestown Navy Yard
Boston, MA 02129

John Fitzgerald, Esq.
Office of the US Trustee
10 Causeway Street
Boston, MA 02222

Joanne L. Goulka, Esq.
92 Montvale Avenue
Suite 2700
Stoneham, MA 02180

Joseph J. Perrone
DeOrchis & Partners, LLP
1495 Morris Avenue
Union, NJ 07083-6332

John K. Fulweiler, Esq.
DeOrchis & Partners, LLP
1495 Morris Avenue
Union, NJ 07083

Richard S. Panitch, Esq.
Perrotta, Fraser, Forrester & Panitch, LLC
16 Valley Road
Clark, New Jersey 07066

# CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP

Christopher T. Meier, Esq.
Davis, Maim & D'Agostine, P.C.
One Boston Place, 37 Floor
Boston, Massachusetts 02108


Kevin P. McCann, Esq.
Chance & McCann
201 West Commerce Street
Bridgeton, New Jersey 08302

Edwin F. Chociey, Jr., Esq.
Riker, Danzig, Scherer, Hyland & Perretti
One Speedwell Avenue
P.O. Box 1981
Morristown, NJ 07962

Jeffrey B. Loeb, Esq.
Rich May P.C.
76 Federal Street
Boston, MA 02110-2223.


Louis U. Gasparini, Esq.
Carter, Conboy, Case, Blackmore,
    Maloney & Laird, P.C.
20 Corporate Woods Blvd.
Albany, NY 12211-2362

Stephen H. Durant, Esq.
Hedrick Dewberry Regan & Durant P.A.
Suite 1600
Bank of America Tower
50 North Laura Street
Jacksonville, FL 32202


Re: "Dolphinite" Cases


Dear Counsel:

While Attorneys Goulka, Cullen and Perrone have verbally indicated a desire to view the Suntec premises, and Attorney Fulweiler has sent me a facsimile expressing a desire to attend, none of you has followed my suggestion by sending me the calendar which I faxed on July 8, 2004. Attorney Perrone gave me two dates in August, neither of which is available to me (nor is one available to him, as we have a hearing scheduled in his case).

**CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP**

I am trying to be helpful here. It appears, however, that I must take the lead. As my early September is already booked, I am proposing the following:

The plant inspection will occur on Monday, September 27, 2004 at 10:00 a.m. The location is 1111 SE 22nd Avenue, Gainesville, FL 32641.

This will be the one and only chance for you to view the plant. You have nearly two months' notice to arrange for the trip.

Thank you very much.

> Very truly yours,
> Cunningham, Machanic, Cetlin,
> Johnson & Harney, LLP by
>
> Scott L. Machanic

Cc:   James R. Korn, Esq.
      John E. Dorfman, Esq.
      W. Scott Essman
              All via email

226906

# EXHIBIT "D"

# CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP
## ATTORNEYS AT LAW
Lakewood Office Park
220 North Main Street
Natick, Massachusetts 01760-1100
(508) 651-7524   (781) 237-7030
FAX: (508) 653-0119

## FACSIMILE TRANSMISSION FORM

DATE: 9/24/04                    # OF PAGES TO FOLLOW:

| TO: | | |
|---|---|---|
| | John F. Cullen, Esq. | (617) 242-7026 |
| | Joanne Goulka, Esq. | Griffin & Goulka<br>(781) 279-9870 |
| | Joseph J. Perrone, Esq. | DeOrchis & Partners, LLP<br>(212) 422-5299 |
| | John K. Fulweiler, Esq. | DeOrchis & Partners, LLP<br>(212) 422-5299 |
| | Richard S. Panitch, Esq. | Perrotta, Fraser,<br>Forrester & Panitch, LLC<br>(732) 680-1404 |
| | Christopher T. Meier, Esq. | Davis, Malm &<br>D'Agostine, P.C.<br>(617) 523-6215 |
| | Louis U. Gasparini, Esq. | Carter, Conboy, Case,<br>Blackmore, Maloney &<br>Laird, P.C.<br>(518) 465-1843 |
| | Jeffrey B. Loeb, Esq. | Rich May, PC<br>(617) 556-3889 |
| | Steve Durant, Esq. | Hedrick Dewberry Regan &<br>Durant<br>(904) 356-8050 |
| | Kevin P. McCann, Esq. | Chance & McCann<br>(856) 455-5227 |

|         |                              |         |                                        |
|---------|------------------------------|---------|----------------------------------------|
|         | Edwin F. Choicey, Esq.       |         | Riker, Danzig, Scherer, et al.<br>(973) 538-1984 |
| FROM:   | Scott Machanic               |         |                                        |
| RE:     | "Dolphinite" cases           |         |                                        |

**Please call our office immediately if copies are illegible or missing. Thank you.**

The information contained in this facsimile message is legally privileged information intended only for the use of the individual or entity named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute or copy this telecopy. In addition, if you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Postal Service. Thank you.

Dear Counsel:

In deference to concerns about Hurricane Jeanne (Northern wimps, we are), at the request of Attorneys Fulweiler and Goulka, we are postponing the inspection of the Suntec facility in Gainesville. It will now occur on Friday, November 19, 2004.

Based on my review of airline schedules from Boston, Albany, and New York City, it appears that everyone could travel in the morning, and be to Suntec by 1:00 p.m. We will therefore meet at 1:00 on Friday, November 19, 2004.

Thank you very much.

Scott Machanic

228791