# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **WEST MARINE PRODUCTS, INC.** | ) | |
| **and UNITED STATES FIRE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **NO. 04-10251-PBS** |
| | ) | |
| **DOLPHINITE, INC.,** | ) | |
| **CLEAN SEAS COMPANY, and** | ) | |
| **SUNTEC PAINT, INC.** | ) | |
| **Defendants.** | ) | |

## DEFENDANT CLEAN SEAS' REPLY TO WEST MARINE'S OPPOSITION TO CLEAN SEAS COMPANY'S MOTION TO DISMISS OR TO TRANSFER

Clean Seas Company submits this reply maintaining that this case should either be dismissed without prejudice or transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). First, this statute permits a District Court to dismiss an action, without prejudice, on convenience grounds. Second, the above captioned matter should not be consolidated with 1:03-CV-11659-PBS (Dolphinite, Inc. v. Clean Seas and Suntec Paint, Inc.). The identities, rights and liabilities of the parties involved in these two claims are not identical, and consolidation will undoubtedly confuse any selected jury. Finally, weighing the convenience factors identified by defendant Clean Seas in its initial filing against those offered by plaintiffs in their opposition demonstrates why the Middle District of Florida is clearly a more convenient forum.

**I.     28 U.S.C. § 1404(a) permits this Court to dismiss an action, without prejudice, on convenience grounds.**

"In *Gulf Oil Corp. v. Gilbert* . . . the Supreme Court set out the appropriate analysis for a district court to undertake when presented with a motion to ***dismiss***

- 1 -

on grounds of forum non conveniens. Those cases establish that a district court exercising its sound discretion may **_dismiss_** a case . . .

> when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." or when the "chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems."

*Mercier v. Sheraton Intl., Inc.*, 935 F.2d 419 (1st Cir, 1991).

Based upon the plain language of this opinion, it is clear that it is proper to request a court to dismiss on *forum non conveniens* grounds pursuant to 28 U.S.C. 1404(a).

## II.    The Above Captioned Matter Should Not Be Consolidated With 1:03-CV-11659-PBS (Dolphinite, Inc. v. Clean Seas and Suntec Paint, Inc.).

As previously stated in Clean Seas' initial filing with respect to this motion, "where **_identical_** actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision." *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). The identities of the parties and issues presented by the instant matter are not identical to those involved in *Dolphinite, Inc. v. Clean Seas, et. al.* (hereinafter "second matter"), a matter automatically stayed pending the resolution of Dolphinite's Bankruptcy proceedings. First, it is obvious that West Marine is not involved in the second matter, injecting a completely different party with separate rights and liabilities apart from those present this case. Secondly, the allegations with respect to Clean Seas in this case are grounded in tort-based warranty theories, in contrast to the contract-based liability alleged in the second matter. Thirdly, the two cases will necessarily involve the interpretation of two separate agreements (West Marine and Dolphinite/Dolphinite and Clean Seas) and the application of different law for each (California law for the former/Massachusetts or Florida law for the latter). Due to these differences in the two claims, any judicial efficiency promoted through their

consolidation is outweighed by the strong potential for jury confusion that would result. Therefore, this Court should not consider the potential for consolidation of these two claims as a factor disfavoring dismissal or transfer.

Plaintiffs also suggest that this Courts' ability to exercise jurisdiction over Dolphinite given Clean Seas' trial strategy should be a factor taken into consideration. This argument is without any merit. Since this case "arises from" Dolphinite's contacts with Florida, it is clear that this suit can properly be brought against Dolphinite in the Middle District of Florida as well. *See Asahi Metal Ind. Co., Ltd. v. Superior Ct. of California, Solano County,* 480 U.S. 102 (1987); *Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 416 (1984). Also, Clean Seas suggests that mental impressions of its counsel written in a client letter (that should not be in plaintiffs' possession) are not relevant to the Court's determination of this motion. No matter where this case is brought, Clean Seas' trial strategy will remain the same.

### III.    The Factors Identified By Clean Seas In Favor of Transfer Strongly Outweigh The Relevant Factors Offered by Plaintiffs in Their Opposition.

While there is admittedly going to be "some inconvenience to somebody" in this case, the plaintiffs have not effectively rebutted the fact that holding the trial proceedings in this case in the Middle District of Florida will greatly increase the overall convenience of trial. The fact that Clean Seas' counsel was admitted into this jurisdiction *Pro Hac Vice* in order to properly file documents and appear at hearings in this Court is not a relevant convenience factor as identified by the Supreme Court of the United States in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947) and its progeny. Neither is the bar membership of counsel for Suntec. *Id.*

The inquiry in any motion brought under § 1404(a) focuses on the actual trial proceedings themselves and not on the convenience of conducting depositions and other items of discovery. There is no reason why the deposition of any witness cannot be conducted where the

- 3 -

deponents live or work. *See Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 04-1562, 2004 WL 1551743, at * 2 (E.D.Pa. July 8, 2004). Further, the fact that these voluminous documents will have to be brought to Massachusetts for the trial proceedings is the claimed inconvenience, regardless of any contest to their admissibility.

Plaintiffs address the inconvenience to one witness, Adam Boulay, if transfer were to be granted. While plaintiffs argue that this witness "probably would not voluntarily travel to Florida" to testify during trial, it does not provide any valid reasons justifying this suggestion. This is the only witness that will be required to travel to Florida to testify on behalf of a party whose liability presented by this litigation is currently the subject of an automatic stay pending the outcome of its bankruptcy proceedings. All other interested parties in this litigation, over whom this Court does not have subpoena authority, reside in Florida. In light of these circumstances, the "availability of compulsory process" and "cost of attendance" factors weigh strongly in favor of dismissal or transfer.

As stated in Clean Seas' initial filing pertaining to this motion, in addressing docket congestion, this Court should make a comparative determination of where the case can be most quickly be resolved, rather than rely on the state of its own docket. *See Mercier, supra,* 935 F.2d at 428. The statistic of median dispute resolution time from filing to disposition is relevant to the determination of where the case can be most quickly resolved. The number of filings, pending case load, and number of new civil cases do not shed any light on the factor the *Mercier* court identified as relevant in addressing docket congestion. While plaintiffs suggest that the use of this statistic was an attempt by Clean Seas to mislead this Court, Clean Seas recommends that, prior to making such suggestions in the future, plaintiffs take the time to comprehend the relevant authority cited in this defendant's filings.

## IV.    Conclusion

Based on the foregoing and the previous submittals by Clean Seas Company, this Defendant respectfully requests that the Court will dismiss or grant its motion to dismiss or transfer the trial proceedings of this matter to the Middle District of Florida.

Respectfully submitted,

CLEAN SEAS COMPANY
By its attorneys

MICHAEL J. FIORETTI  (Pro Hac Vice)
CHANCE & McCANN, L.L.C.
201 West Commerce Street
Bridgeton, NJ 08302
(856) 451-9100

## CERTIFICATE OF SERVICE

Michael J. Fioretti, attorney for Defendant Clean Seas Company in the above-captioned matter, hereby certifies that a courtesy copy of this document was served upon the attorney of record for each party by regular mail, postage prepaid on November 12, 2004.  On this date, this document was also electronically filed with the Clerk of the District Court using the CMIECF system.

MICHAEL J. FIORETTI