UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC. <br> and UNITED STATES FIRE <br> INSURANCE COMPANY, <br>     Plaintiffs, <br> <br> v. <br> <br> <br> DOLPHINITE, INC., <br> CLEAN SEAS COMPANY, and <br> SUNTEC PAINT, INC. <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   CIVIL ACTION <br> )   NO. 04-10251-PBS <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CLEAN SEAS' REPLY TO
PLAINTIFFS' OPPOSITION TO CLEAN SEAS COMPANY'S
MOTIONS TO DISMISS AND SUMMARY JUDGMENT**

Defendant, Clean Seas Company (hereinafter "Clean Seas") submits this Reply, maintaining that Summary Judgment be entered in its favor on all counts of plaintiffs' complaint. First, Plaintiffs' contention that they are subrogated to the rights of its customers is incorrect. Since they rely on this argument to attempt to circumvent the economic loss rule and requisite showing of contractual privity, without such subrogation rights, Summary Judgment should be entered in Clean Seas' favor on all tort-based causes of action contained within plaintiffs' complaint. Second, since Plaintiffs cannot demonstrate any fault on Clean Seas' behalf, Summary Judgment should be entered in Clean Seas' favor on the common law indemnification and declaratory judgment counts of their complaint. Third, in addition to Massachusetts law not recognizing a distinct strict liability cause of action, as Plaintiffs admit in their opposition, their claim for Strict Liability amounts to a duplicative pleading that must be dismissed.

**I.    Plaintiffs Have No Equitable Subrogation Rights With Respect To Its Customers.**

It is clear in this case that the only alleged damages, other than economic losses, are those caused to the boats and inflatables of West Marine's *customers*.  In order to attempt to circumvent the economic

1

loss rule and required demonstration of contractual privity, West Marine claims, without any supporting authority, that the plaintiffs have become equitably subrogated to the rights of its customers to collect from the parties who are actually responsible for the defective paints. This Court should not be persuaded.

As correctly stated by Suntec in its reply, Massachusetts courts have apparently only applied the doctrine of equitable subrogation in matters involving mortgages and insurance contracts. With respect to mortgages, "equitable subrogation is an exception to the basic principle that determines priority among mortgages," and also applies when a mortgagee is required to pay taxes in order to protect its security before foreclosure. *East Boston Savings Bank v. Ogan*, 428 Mass. 327, 701 N.E.2d 331 (1998); *Massachusetts Hospital Life Ins. Co. v. Shulman*, 299 Mass. 312, 12 N.E.2d 856 (1938). In the insurance arena, all instances of equitable subrogation rights in Massachusetts have arisen pursuant to an insurance contract of some kind. The principle allows one who, pursuant to an obligation, fulfills the duties of another (by payment or otherwise) to "step in the shoes" of the other and assert their rights against third persons. *See Employers Ins. Of Wasau v. Town of Northborough*, 11 Mass.L.Rptr. 280, 2000 WL 281657. In the absence of this contractual obligation, there is no legal relationship requiring reimbursement of the person making the payment. *Blair v. Claflin*, 310 Mass. 186, 191, 37 N.E.2d 501, 504 (1941)(Stating that "as a general rule . . .an intermeddler, by gratuitously paying the debt of another, does not create a legal obligation between himself and that other."). Furthermore, "equitable subrogation is a doctrine to do justice where other avenues, like formal assignment or contractual subrogation, are for whatever reason unavailable or inadequate." *American Universal Ins. Co. v. Medical Malpractice Joint Underwriting Assoc. of Mass.*, 1993 WL 818614 (Mass. Super. Ct., Civ. No. 89-1749 (Sept. 3, 1993).

In the current case, it is clear that the doctrine of equitable subrogation does not apply. There is no insurance policy or mortgage interest involved. There is no contractual relationship between West

Marine and Clean Seas. Hence, in the absence of any legal obligation binding Clean Seas, West Marine has no authority to assert its customers rights, if any exist, against this defendant, or to be reimbursed for its gratuitous payment of any claims stemming from the alleged defective product. Plaintiff United States Fire Insurance Company stands in the same shoes as West Marine and has no better rights. Furthermore, including indemnity and contribution counts, West Marine has a variety of available contractual remedies against Dolphinite. For the following reasons, Plaintiffs are not equitably subrogated to the rights of its individual customers. It is a commercial plaintiff, in no contractual privity with Clean Seas that has only suffered economic losses.

II. **Massachusetts Law Requires a Demonstration of Fault on the Part of the Parties Against Whom the Demand For Indemnification is Leveled.**

"The body of doctrine comprising indemnification law varies from state to state; but in Massachusetts, a [common law] indemnification claim does require a showing of fault on the part of the parties against whom the demand for indemnification is leveled." *Grenier v. Vermont Log Bldgs., Inc.*, 96 F.3d 559, 566 (1st Cir. (Mass.), 1996). In the current case, the only allegations of fault made by Plaintiffs against Clean Seas are the counts for breach of warranty and negligence (Counts XIII-XVII). If summary judgment is entered in Clean Seas' favor on these counts, Plaintiffs have failed to provide the requisite foundation for a showing of fault as to this defendant to permit a claim for common law indemnification. Clean Seas also contends that is not required to dispute any alleged defect in their product until the plaintiffs can successfully bring a claim against it into any court of law.

III. **The Count for Strict Liability Should Be Dismissed as Massachusetts Law Does Not Recognize a Distinct Products Liability Cause of Action and it is a Duplicative Pleading.**

Since this jurisdiction does not create a distinct cause of action for strict liability in tort apart from liability for breach of warranty under the Uniform Commercial Code, G.L. c. 106, ss. 2-314 to 2-318, this claim should be dismissed. Further, as admitted by plaintiffs in their opposition, the "plaintiffs have

pleaded multiple counts for what is essentially the same remedy." If this Court does hold that this claim does exist otherwise, it should be dismissed as a duplicative pleading.

IV.    Conclusion

Based on the foregoing and the previous submittals by Clean Seas Company, this Defendant respectfully requests that the Court grant summary judgment in its favor on all counts of plaintiffs' complaint.

          Respectfully submitted,

          DEFENDANT CLEAN SEAS COMPANY
          By their attorneys


          <u>/s/ Marie Cheung-Truslow</u>
          Gerald W. Motejunas, Esq. BBO # 358140
          Marie Cheung-Truslow, Esq. BBO # 558659
          Smith & Brink, P.C.
          122 Quincy Shore Drive
          Quincy, MA  02171
          (617) 770-2214


          MICHAEL J. FIORETTI  (Pro Hac Vice)
          CHANCE & McCANN, L.L.C.
          201 West Commerce Street
          Bridgeton, NJ 08302
          (856) 451-9100

November 15, 2004

## CERTIFICATE OF SERVICE

      I, Marie Cheung-Truslow, Esq. hereby certify that on November 15, 2004, I served a copy of the within document by first class mail to all counsels of record as follows:

Joanne L. Goulka, Esq.
92 Montvale Avenue, Suite 2700
Stoneham, MA 02180

Scott L. Machanic, Esq,
Cunningham, Machanic, Ceitlin, Johnson & Harney, LLP
220 N. Main Street
Natick, MA  01760

                    /s/ Marie Cheung-Truslow
                    Marie Cheung-Truslow