UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC., ) <br> and UNITED STATES FIRE ) <br> INSURANCE COMPANY, ) <br>     Plaintiffs, ) <br> ) <br> V. ) <br> ) <br> DOLPHINITE, INC., ) <br> CLEAN SEAS COMPANY, and ) <br> SUNTEC PAINT, INC., ) <br>     Defendants ) | CIVIL ACTION <br> NO. 04-10251-PBS |

**PLAINTIFFS' RESPONSE TO DEFENDANT
SUNTEC PAINT, INC.'S REPLY TO PLAINTIFFS' OPPOSITION
TO SUNTEC PAINT, INC.'S MOTION FOR SUMMARY JUDGMENT**

The defendant Suntec Paint, Inc. ("Suntec") contends that the only situations in which rights of subrogation arise is when mortgages or insurance policies are involved. This is not accurate.

"'Subrogation is the substitution of one person in place of another, whether as a creditor, <u>or as the possessor of any other rightful claim</u>, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.'" *Provident Co-Operative Bank v. James Talcott, Inc.*, 358 Mass. 180, 188 (1970), quoting from *Jackson Co. v. Boylston Mutual Insurance Co.*, 139 Mass. 508, 510. (Emphasis supplied). It can apply whenever one party pays a debt for which another is primarily liable. See *A.N. Deringer, Inc. v. Consolidated Computer Services International, Inc.*, 381 F.Supp. 1208, 1211 (1974) (the doctrine did not apply in the circumstances of this case because the defendant was not primarily

obligated to pay the customs duties plaintiff had paid and for which it sought reimbursement).

The doctrine of subrogation has indeed been applied in tort cases. In *Cambridge v. Hanscom*, 186 Mass. 54 (1904), the City of Cambridge and the defendants were sued by two persons injured on a public highway. All three were found liable, but the injured persons enforced their judgments only against the City. Those judgments were paid by the Commonwealth, through the metropolitan water board. The Court stated that the City could proceed against the defendants even though it had paid nothing because the Commonwealth was subrogated to the rights of the City. The Commonwealth could make the payments to the judgment creditors and then pursue the defendants through the City because it was the defendants who should have paid.

Rights of subrogation are created by law to avoid injustice. *Canter v. Schlager*, 358 Mass. 789, 792 (1971). The entity primarily responsible to the consumers who used the defective marine paint is whichever defendant it was that caused the defect. That is undoubtedly either the creator of the paint (presumably Clean Seas Company) or the manufacturer, Suntec. Plaintiff West Marine Products, Inc. may be strictly liable to the consumers, but, since it is free from fault, its liability is secondary.

Suntec's contention that West Marine is not entitled to subrogation because it owed no obligation to Suntec to make any payments to the retail consumers is the reverse of what is logical. The plaintiffs have stepped into the shoes of the consumers, and may enforce the rights those consumers have against Suntec. Plaintiffs are not

claiming they are subrogated to any rights Suntec may have. Plaintiffs contend Suntec has liabilities, not rights.

> Respectfully submitted,
> Plaintiffs
> By their attorneys,
> GRIFFIN & GOULKA
>
> _____
> Joanne L. Goulka
> 92 Montvale Avenue, Suite 2700
> Stoneham, Massachusetts 02180
> (781) 279-9858
> B.B.O. #205500

## CERTIFICATE OF SERVICE

I, Joanne L. Goulka, hereby certify that a true copy of this document was served upon the attorney of record for each party by first-class mail, postage prepaid, on November 30, 2004, as follows:

Scott L. Machanic, Esquire
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 N. Main Street
Natick, Massachusetts 01760

Michael J. Fioretti, Esquire
Chance & McCann, L.L.C.
201 West Commerce Street
Bridgeton, New Jersey 08302

Gerald W. Motejunas, Esquire
Smith & Brink
122 Quincy Shore Drive
Quincy, Massachusetts 02171

_____
Joanne L. Goulka