UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC., and UNITED STATES FIRE INSURANCE COMPANY, Plaintiffs, | ) ) ) ) ) |
| V. | ) CIVIL ACTION ) NO. 04-10251-PBS |
| DOLPHINITE, INC., CLEAN SEAS COMPANY, and SUNTEC PAINT, INC., Defendants | ) ) ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO FILE AMENDED COMPLAINT**

Plaintiffs West Marine Products, Inc. and United States Fire Insurance Company hereby submit this memorandum of law in support of their motion to file an amended complaint.

**Statement of the Case**

This action arises out of claims that Marine Paint designed, manufactured and/or sold by the three defendants was defective, causing property damage to boats owned by customers of plaintiff West Marine Products, Inc. (hereinafter "West Marine") which had sold the paint at retail to those customers. West Marine and its insurer, the plaintiff United States Fire Insurance Company, honored the implied warranty of merchantability which West Marine gave when it sold the paint, and they have paid over $494,000[1] to

---

[1]Claims paid by plaintiffs are ongoing. Count 25 of the Original Complaint stated the amount paid by plaintiffs at the time the complaint was filed exceeded $294,723.49.

those customers to compensate them for their damages. West Marine also suffered its own damages for responding to its customers' claims and for unsold products.

Plaintiffs now seek to add counts for contribution against defendants SunTec Paint, Inc. and Clean Seas Company for damages paid by plaintiffs and which they continue to pay in excess of their pro rata share of the joint liability of the parties.[2]

**Argument**

F.R.C.P. 15(a) states in part: "a party may amend the party's pleading only by leave of Court or by written consent of the adverse party, and leave shall be freely given when justice so requires." "Leave to amend 'shall be freely given when justice so requires', Fed.R.Civ.P. 15, but need not be given if the amendment would not be a 'proper subject of relief.'" *Aversa v. United States,* 99 F.3d 1200, 1214 n.13 (1st Cir. 1994) citing *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 222 (1962). "It is familiar ground that a trial judge should be generously disposed to motions to amend pleadings." *DiVenuti v. Reardon,* 37 Mass.App.Ct. 73, 77 (1994). "The express tendency is in favor of allowing amendments, and a motion to amend should be allowed unless some good reason appears for denying it." *Castellucci v. United States Fid. & Guar. Co.,* 372 Mass. 288, 289 (1977).

There is no good reason for denying this motion. The proposed additional counts of the amended Complaint are proper subject of relief in this action. This case is in its early stages and no scheduling conference has been set up by the Court. No

---

[2]The defendant Dolphinite is in bankruptcy, and the plaintiffs are prohibited from moving to add a contribution count against the defendant Dolphinite because of the Automatic Stay.

formal discovery has been performed by the parties, although the plaintiffs have produced documents they had in their possession that they will produce as part of the automatic disclosure that is required.

The Amended Complaint does not allege any additional facts not already included in the original Complaint. The Amended Complaint adds one count each against SunTec Paint, Inc. and Clean Seas Company for contribution. West Marine's customers have filed claims against West Marine for damages caused in whole or in part by the breaches of warranty, strict product liability, negligence and/or willful conduct of SunTec Paint, Inc. and/or Clean Seas Company. Plaintiffs have settled and will continue to settle such customers' claims. The Amended Complaint seeks damages for claims paid by plaintiffs in excess of their pro rata share of the joint liability of the parties.

No party will be prejudiced by the allowance of this Motion and no delay in this action will result from the Court allowing this Motion. Plaintiffs respectfully request that the Court allow its Motion to File the Amended Complaint.

                Respectfully submitted,
                Plaintiffs
                By their attorneys,
                GRIFFIN & GOULKA

                */s/ Joanne L. Goulka*
                Joanne L. Goulka
                477 Main Street
                Stoneham, Massachusetts 02180-2602
                (781) 279-9858
                B.B.O. #205500

## Certification Local Rule 7.1

I, Joanne L. Goulka hereby certify that in accordance with Local Rule 7.1(A)(2) that on December 7, 2004 I conferred with counsel for SunTec and attempted in good faith to resolve or narrow the issue of this motion.

_____
Joanne L. Goulka

I, Joseph P. Evans hereby certify that in accordance with Local Rule 7.1(A)(2) that on December 3, 2004 I conferred with counsel for Clean Seas and attempted in good faith to resolve or narrow the issue of this motion.

_____
Joseph P. Evans

## CERTIFICATE OF SERVICE

I, Joanne L. Goulka, hereby certify that a true copy of this document was served upon the attorney of record for each party by first-class mail, postage prepaid, on December 16, 2004, as follows:

Scott L. Machanic, Esquire
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 N. Main Street
Natick, Massachusetts 01760

Michael J. Fioretti, Esquire
Chance & McCann, L.L.C.
201 West Commerce Street
Bridgeton, New Jersey 08302

Gerald W. Motejunas, Esquire
Smith & Brink
122 Quincy Shore Drive
Quincy, Massachusetts 02171

_____
Joanne L. Goulka