UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC. <br> and UNITED STATES FIRE <br> INSURANCE COMPANY, <br>     PLAINTIFFS <br><br> v. <br><br> DOLPHINITE, INC., <br> CLEAN SEAS COMPANY, and <br> SUNTEC PAINT, INC., <br>     DEFENDANTS | CIVIL ACTION NO. 04-10251-PBS |

SUNTEC PAINT'S OPPOSITION TO
WEST MARINE'S MOTION TO AMEND COMPLAINT

Suntec Paint, Inc. hereby states its opposition to West Marine's Motion to Amend its complaint filed in this matter. To the extent that the Amended Complaint contains new claims against Suntec, West Marine has unduly delayed requesting permission for the amendment, nearly a year after the case was filed, and after numerous motions have been filed by the Defendants. Furthermore, the Complaint fails to state the requisite elements of a claim for contribution. Finally, Suntec objects to the Motion to the extent that it seeks to circumvent the arguments raised in Suntec's previously-filed motion to dismiss, which arguments are repeated and incorporated in this opposition, as though fully repeated.

## THE MOTION HAS BEEN UNREASONABLY DELAYED

Plaintiffs state that they "seek to add counts for contribution against the defendants SunTec (sic) Paint, Inc. and Clean Seas Company for damages paid by plaintiffs…" Plaintiffs' Memorandum in Support, p. 2.

Plaintiffs' original complaint alleged that, as "a consequence of the failure of the Products … (supplied by the Defendants), claims by West Marine customers were filed, and continue to be filed, against West Marine." (Paragraph 23). "The claims against West Marine by its customers … which have already been paid by the plaintiffs exceed $ 294,723.49." (Complaint, Paragraph 25). Therefore, at the time of the filing of the Complaint, the Plaintiffs knew that claims had been made against them, that they had paid the claimants, and that the claims were allegedly due to wrongful conduct by the Defendants. Plaintiffs can therefore not claim any cause other than their own pleading failures could be a cause of their failure to state the claim for contribution in the original complaint.

Nevertheless, Plaintiffs have waited 11 months before seeking to add claims for contribution. During those 11 months, the only two active defendants have filed dispositive motions, seeking dismissal of the claims, on both jurisdictional and procedural grounds.

Plaintiffs have unreasonably delayed seeking permission to add a claim which should have been presented in the initial complaint. "Where, as here, considerable time

2

has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay'." Stepanischen v. Merchant's Despatch Transportation Corp., 722 F.2d 922, 933 (1st Cir. 1983). Plaintiffs have stated no reason, valid or otherwise, for their delay.

## PLAINTIFFS' CONTRIBUTION CLAIMS LACK AN ESSENTIAL ELEMENT

To state a claim for contribution, Plaintiffs must allege that they are joint tortfeasors, i.e., that they have "become jointly liable in tort for the same injury to person or property," M.G.L. c. 231B, § 1(a), which right "shall exist only in favor of a joint tortfeasor ... who has paid more than his pro rata share of the common liability." M.G.L. c. 231B, § 1(b).

Neither Plaintiffs' Complaint, nor the Amended Complaint anywhere alleged that Plaintiffs are joint tortfeasors with either or both of Suntec Paint or Clean Seas. To the contrary, both pleadings allege that Plaintiffs are vicariously liable for actions of the Defendants, and has denied any independent wrongdoing. Nowhere is there any claim that somehow Plaintiffs are, or can be, jointly liable to the third-party claimants with whom Plaintiffs have dealt. The motion to amend is futile, as the amended complaint fails to state a claim upon which relief may be granted. See, Glassman v. Computer Vision Corp., 90 F.3d 617 (1st Cir. 1996).

## THE AMENDED COMPLAINT REPEATS CLAIMS SUBJECT TO PRIOR MOTIONS

Suntec has previously filed a Motion to Dismiss and/or for Summary Judgment in this matter, which terminate this litigation against it. The claims raised in the Amended Complaint are subject to dismissal for the reasons previously raised by Suntec. Suntec therefore repeats and incorporates all of the arguments raised in its previously-filed Motion to Dismiss and/or for Summary Judgment.

Respectfully submitted
Suntec Paint, Inc.
By its attorneys


_____
Scott L. Machanic   BBO # 311120
Cunningham, Machanic, Cetlin,
    Johnson & Harney, LLP
220 N. Main Street
Natick, MA 01760
(508) 651-7524

232104