### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **WEST MARINE PRODUCTS, INC. and UNITED STATES FIRE INSURANCE COMPANY,** | ) ) ) ) | |
| **PLAINTIFFS,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO. 04-10251-PBS** |
| **DOLPHINITE, INC., CLEAN SEAS COMPANY, and SUNTEC PAINT, INC.,** | ) ) ) ) | |
| **DEFENDANTS.** | ) | |

### DEFENDANT CLEAN SEAS COMPANY'S OPPOSITION
### TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

Clean Seas Company hereby states its opposition to plaintiffs' Motion to File an Amended Complaint filed in this matter. This defendant respectfully requests this Honorable Court to deny plaintiffs' motion on grounds that West Marine has unduly delayed requesting permission for the amendment, the amendment would be legally futile, and permitting the amendment would cause undue prejudice to the defendants in this case. For the purpose of this opposition, Clean Seas repeats and incorporates all arguments raised in its previously-filed Motions to Dismiss and for Summary Judgment.

## I.    PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT SHOULD BE DENIED.

In their motion, plaintiffs state that they "seek to add counts for contribution against . . . Clean Seas Company for damages paid by plaintiffs. . ." *See Plaintiffs' Memorandum in Support* ¶ 2. Rule 15(a) of the Federal Rules of Civil Procedure, by its terms, provides for liberal allowance of motions for leave to amend pleadings. 28 U.S.C.A. 15(a) (2004)(amendments to pleadings freely allowed "when justice so requires"). However, this rule does not give a moving

party anything close to an automatic right to amendment.  Three situations in which the Court has denied such a motion are where a party unduly delays requesting permission for the amendment, where the amendment would be legally futile, and where permitting the amendment causes undue prejudice to the adversary.  *See e.g., Torres-Rios v. LPS Labs.,* 152 F.3d 11, 16 (1st Cir. 1998)(motion to amend complaint filed after close of discovery and after defendant's motion for summary judgment properly denied); S*ee also, Judge v. City of Lowell,* 160 F.3d 67, 79 (1st Cir. 1998)(motion to amend denied where amendment would be legally futile or would serve no legitimate purpose);  *See also, Gallerani v. Town of Plymouth* 2003 WL 21696437, D.Mass. (May 1, 2003)(unfair prejudice caused where new cause of action added by proposed amendment and defendant not reasonably put on notice of claim by original complaint).  In the instant matter all three of these situations are present.  Hence, the plaintiffs' motion to amend its complaint should be denied.

### A. Plaintiffs have unduly delayed requesting permission to add a contribution claim against the defendants.

Through their proposed amended complaint, the plaintiffs attempt to add a contribution claim against both Suntec Paint, Inc. and Clean Seas Company more than eleven (11) months after filing their original complaint.  While discovery has yet to be conducted, this proposed amendment comes after both defendants have filed dispositive motions seeking dismissal on both procedural and jurisdictional grounds.  A contribution claim was certainly available to the plaintiffs at the time they paid the claims based on the alleged wrongdoing of these parties and at the time of their initial filing in this case.  "Where, as here, considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay'."  *Stepanischen v. Merchant's Dispatch*

*Transportation Corp.*, 722 F.2d 922, 933 (1st Cir. 1983).  In the above described situation, the only viable reason for this delay was the neglect of the plaintiffs to include such a claim in their original complaint.  This reason is tenuous at best, and the plaintiffs have not provided any reason, valid or otherwise, for their neglect and delay in pleading this count.  Therefore, the undue delay of the plaintiffs in requesting permission to add a new claim via an amendment necessitates the denial of the motion seeking such relief.

### B. The contribution claim against the defendants in this case is legally futile and serves no legitimate purpose.

Where a proposed amendment would be futile, leave to amend should be denied. *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 59 (1st Cir. 1990).  An amendment is futile if "the new assertions would fail to withstand a motion to dismiss . . . "  *Moore v. Eli Lilly and Co.*, 626 F.Supp. 365, 366 (D.Mass. 1986).  Under Massachusetts law, the contribution claim against the defendants in the instant matter cannot withstand a motion to dismiss.  Hence, the proposed amendment is futile and leave to amend should be denied.

Under Massachusetts law, "where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them."  M.G.L. c. 231B, § 1(a). Further, "[t]he right of contribution shall exist only in favor of a joint tortfeasor . . . who has paid more than his pro rata share of the common liability, and his total recovery shall be limited to the amount paid by him in excess of his pro rata share."  M.G.L. c. 231B, § 1(b).

Under this set of rules, it is clear that the contribution claim alleged by the proposed amended complaint must be dismissed to the extent that it seeks to recover "for all sums which

they have paid."[1]   First, if the plaintiffs are entitled to recover under a contribution theory, pursuant to these sections, their recovery is limited to the amount they have paid in excess of their pro rata share of common liability.   Secondly, assuming for the purpose of this opposition that Clean Seas was partially liable for any of the alleged injury caused to West Marine customers, pleading a claim for contribution in this manner prevents a proper determination of what the pro rata share of the common liability would be for each tortfeasor in *each* individual claim.   While a contribution claim may have existed while these alleged claims were being settled by West Marine and its insurance company, this Court cannot presently entertain a claim for past damages that would require the reopening of individual settled claims in order to tediously assign pro rata shares of common liability.

Further, recovery under the joint tortfeasor statute necessarily requires joint liability.[2]   In their proposed amended complaint, the plaintiffs do not allege that they are joint tortfeasors with either Suntec or Clean Seas.   As the plaintiffs do not plead an essential element of a contribution claim, this cause of action would not survive a motion to dismiss.

Since the plaintiffs' contribution claim against Clean Seas would not survive a motion to dismiss, the proposed amendment adding this claim is legally futile.   As such, this Court should deny the plaintiffs' motion for leave to amend.

---

[1] Paragraph 190 of Plaintiffs' proposed amended complaint states, "Plaintiffs are entitled to contribution for all sums which they have paid and will pay in excess of their pro rata share of the common liability of the parties."   It is the interpretation of Clean Seas that this clause, as it presently is punctuated, asks for two items.   1.   "contribution for all sums which they have paid" and 2. "all sums they will pay in excess of their pro rata share of the common liability of the parties."

[2] Since the plaintiffs do not allege any liability or fault on their own behalf, the only viable claim they could potentially bring against the defendants is for indemnity and not for contribution.   For the reasons stated in Clean Seas' Motion for Summary Judgment, the plaintiffs also do not have a viable claim for indemnity.

### C.  Permitting the amendment would cause undue prejudice to Clean Seas.

Allowing the plaintiffs to add a claim based on a contribution theory of liability would unfairly prejudice the defendants.  In the plaintiffs' original complaint, there is not one suggestion that they would pursue a cause of action based upon joint tortfeasor liability.  In fact, a central theme throughout the initial pleadings filed by the plaintiffs in this matter was that the defendants were completely responsible for all injuries allegedly suffered by them and their customers.  Further, instead of simply defending a claim against the named plaintiffs in this case, permitting the addition of this count would essentially require the defendants to litigate against West Marine and each of its claimant customers in one single action.  Not only would this proposed style of litigation be confusing to a judge and jury and entirely inefficient, it also would cause undue prejudice to the defendants involved.  Hence, the plaintiffs' motion to amend its complaint should be denied.

### CONCLUSION

Based on the foregoing, defendant Clean Seas Company respectfully requests that plaintiffs' Motion to File An Amended Complaint be denied.

Respectfully submitted,

Clean Seas Company,
By its attorneys

 /s/ Michael Fioretti
Michael J. Fioretti, Esq.
CHANCE & McCANN, LLC
201 West Commerce Street
Bridgeton, NJ   08302
(856) 912-3095