UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WEST MARINE PRODUCTS, INC., )
and UNITED STATES FIRE )
INSURANCE COMPANY, )
    Plaintiffs, )
)
V. ) CIVIL ACTION
) NO. 04-10251-PBS
DOLPHINITE, INC., )
CLEAN SEAS COMPANY, and )
SUNTEC PAINT, INC., )
    Defendants )

**PLAINTIFFS' RESPONSE TO DEFENDANT
CLEAN SEAS, COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION
TO CLEAN SEAS, COMPANY'S MOTION FOR SUMMARY JUDGMENT**

I. *Plaintiffs May Subrogate The Rights of West Marine's Customers*

The defendant Clean Seas Paint, Company ("Clean Seas") contends that the only situations in which rights of subrogation arise is when mortgages or insurance policies are involved. This is not accurate.

"'Subrogation is the substitution of one person in place of another, whether as a creditor, <u>or as the possessor of any other rightful claim</u>, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.'" *Provident Co-Operative Bank v. James Talcott, Inc.*, 358 Mass. 180, 188 (1970), quoting from *Jackson Co. v. Boylston Mutual Insurance Co.*, 139 Mass. 508, 510. (Emphasis supplied). It can apply whenever one party pays a debt for which another is primarily liable. See *A.N. Deringer, Inc. v. Consolidated Computer Services International, Inc.*, 381 F.Supp. 1208, 1211 (1974) (the doctrine did

not apply in the circumstances of this case because the defendant was not primarily obligated to pay the customs duties plaintiff had paid and for which it sought reimbursement).

The doctrine of subrogation has indeed been applied in tort cases. In *Cambridge v. Hanscom*, 186 Mass. 54 (1904), the City of Cambridge and the defendants were sued by two persons injured on a public highway. All three were found liable, but the injured persons enforced their judgments only against the City. Those judgments were paid by the Commonwealth, through the metropolitan water board. The Court stated that the City could proceed against the defendants even though it had paid nothing because the Commonwealth was subrogated to the rights of the City. The Commonwealth could make the payments to the judgment creditors and then pursue the defendants through the City because it was the defendants who should have paid.

Rights of subrogation are created by law to avoid injustice. *Canter v. Schlager*, 358 Mass. 789, 792 (1971). The entity primarily responsible to the consumers who used the defective marine paint is whichever defendant it was that caused the defect. That is undoubtedly either the creator of the paint (presumably Clean Seas Company) or the manufacturer, Suntec. Plaintiff West Marine Products, Inc. may be strictly liable to the consumers, but, since it is free from fault, its liability is secondary.

Clean Seas's contention that West Marine is not entitled to subrogation because it owed no obligation to Clean Seas to make any payments to the retail consumers is the reverse of what is logical. The plaintiffs have stepped into the shoes of the

consumers, and may enforce the rights those consumers have against Clean Seas. Plaintiffs are not claiming they are subrogated to any rights Clean Seas may have. Plaintiffs contend Clean Seas has liabilities, not rights.

## II.   *Clean Seas Is Obligated to Indemnify Plaintiffs*

If a manufacturer supplies a defective product to a seller, who sells it to a customer, who recovers from the seller for an injury which was caused by the product, the retailer may recover against the manufacturer for indemnity. *Fireside Motors, Inc. v. Nissan Motor Corporation in U.S.A.*, 395 Mass. 366 (1985). At common law, a person may seek indemnification if that person does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another. *Stewart v. Roy Brothers*, 358 Mass. 446, 459 (1970); *Fireside Motors, supra*; *Pignone v. Santa Anita Manufacturing Corporation*, 457 N.E.2d 642 (1983). Even if plaintiffs may not recover against Clean Seas for a breach of warranty made to West Marine, Clean Seas could (and would) be liable to West Marine's customers. That is the liability for which West Marine was derivatively liable, and for which plaintiffs are entitled to seek indemnity.

Respectfully submitted,
Plaintiffs
By their attorneys,
GRIFFIN & GOULKA

*/s/ Joanne L. Goulka*

Joanne L. Goulka
92 Montvale Avenue, Suite 2700
Stoneham, Massachusetts 02180
(781) 279-9858
B.B.O. #205500

## CERTIFICATE OF SERVICE

I, Joanne L. Goulka, hereby certify that a true copy of this document was served upon the attorney of record for each party by first-class mail, postage prepaid, on December 23, 2004, as follows:

Scott L. Machanic, Esquire
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 N. Main Street
Natick, Massachusetts 01760

Michael J. Fioretti, Esquire
Chance & McCann, L.L.C.
201 West Commerce Street
Bridgeton, New Jersey 08302

Gerald W. Motejunas, Esquire
Smith & Brink
122 Quincy Shore Drive
Quincy, Massachusetts 02171

Joanne L. Goulka