UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DOLPHINITE, INC.<br><br>            Debtor. | Chapter 7<br>Case No. 04-12657-JNF |

## APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING RETENTION OF HANIFY & KING, P.C. AS SPECIAL COUNSEL

To the Honorable Joan N. Feeney, Chief Judge, United States Bankruptcy Court:

    Gary W. Cruickshank, the chapter 7 trustee (the "Trustee") of the above referenced debtor (the "Debtor"), respectfully requests that this Court enter an order authorizing the retention of the law firm of Hanify & King, Professional Corporation ("H&K"), as special counsel to prosecute certain warranty and contract claims against Clean Seas Company ("Clean Seas") and Suntec Paint, Inc. ("Suntec", and together with Clean Seas the "Defendants") pursuant to Section 327(e) of the United States Bankruptcy Code, Fed. R. Bankr. P. 2014 and MLBR 2014-1. In further support hereof, the Trustee states as follows:

### BACKGROUND

    1.    On April 1, 2004 (the "Petition Date"), the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). As of the Petition Date and estate was created (the "Estate").

EX. A

2. On July 7, 2004 the United States Trustee filed a *Motion to Convert Case to Chapter 7* (the "Conversion Motion") and on September 20, 2004 the Court granted the Conversion Motion.

3. The Trustee was appointed interim trustee of the Estate on September 22, 2004 and has continued to serve as Trustee since that date.

4. Prior to the Petition Date, Dolphinite entered into a distribution agreement (the "Agreement"), with Clean Seas Company ("Clean Seas") for the right to distribute a certain marine paint product (the "Paint") developed by Clean Seas. Clean Seas engaged Suntec Paint, Inc. to produce and mix the Paint prior to their ultimate distribution to Dolphinite.

5. Dolphinite purchased large quantities of the Paint from Clean Seas and sold the Paint to marine retailers across the Northeast. For a variety of reasons the Paint failed to meet the standard of quality, composition, and use represented by Clean Seas and set forth in the Agreement. As a direct result of the Paint's failure and Clean Seas' breach of the Agreement, Dolphinite has been sued by its various customers and has been forced to defend such litigation at great expense.

6. In turn, Dolphinite has commenced a civil action against Clean Seas and Suntec seeking, among other damages, compensation for Dolphinite's economic losses relating to the claims made against it (the "Warranty/Contract Litigation").

### REQUESTED RETENTION

7. The Trustee requests authority to retain H&K as special counsel for the purpose of pursuing and prosecuting the Warranty/Contract Litigation, including but not limited to:

a. Consulting with the Trustee concerning all matters relating to the Warranty/Contract Litigation and associated claims (the "Claims") against the Defendants;

b. Conducting discovery and preparing the Warranty/Contract Litigation for trial; and

c. Performing all other legal services relating to the Warranty/Contract Litigation for the Trustee that may be appropriate in connection with the prosecution of the Claims.

8. H&K has substantial experience in bankruptcy proceedings and civil matters and has the varied and substantial resources necessary to advise the Trustee in the performance of his duties with respect to the prosecution of the Warranty/Contract Litigation and recovery with respect thereto.

H&K's CONNECTIONS AND RELATIONSHIPS WITH DEBTOR AND PARTIES IN INTEREST

9. Charles R. Bennett, Jr. has filed an affidavit (the "Affidavit") in connection with this application, including a statement pursuant to 11 U.S.C. §§ 329(a) and 504 and MLBR 2014.

10. To the best of the Trustee's knowledge, information and belief, and except as set forth in the Affidavit, no member of H&K has any connection with the Debtor, the Defendants, the Debtor's creditors or any other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, except that H&K may have or had involvement with certain creditors or their counsel in unrelated proceedings. Each member of H&K is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

H&K's Proposed Compensation/Contingency Fee Agreement

11. H&K has agreed to represent the Trustee in the Warranty/Contract Litigation based upon a contingency fee agreement of one-third of the gross recovery made in the

3

Warranty/Contract Litigation on behalf of the Estate. The contingency shall not include any recovery made by any third party claimants against Clean Seas or Suntec, including but not limited to West Marine Products, Inc. or its insurer, United States Fire Insurance Company. In addition to the contingency fee, the Estate is to reimburse H&K for costs and expenses incurred by H&K in connection with the Warranty/Contract Litigation.

12. The Trustee intends to seek this Court's authority to enter into an agreement with United States Fire Insurance Company, an insurer for a customer of Dolphinite who distributes the Paint to retail customers (the "Insurer"). The Insurer will make initial advances to the Dolphinite Estate not to exceed $25,000.00 to be used by the Estate to pay the costs and expenses incurred in the Warranty/Contract Litigation. The Insurer's advances will be repaid only from the net recovery of the Warranty/Contract Litigation and the Insurer granted a security interest in the proceeds of any recovery in the Warranty/Contract Litigation.

13. The Trustee has filed concurrently with this Application, a stipulation with the Insurer for authority to borrow the advances from the Insurer or to grant the security therefore.

14. The retention of H&K as set forth herein and pursuant to the Contingency Fee Agreement, is in the best interest of the Debtor's Estate and its creditors.

WHEREFORE, the Trustee respectfully requests that this Court issue an order authorizing the Trustee to retain H&K as his counsel, and for such other and further relief this Court deems necessary.

                                           GARY W. CRUICKSHANK
                                           As Chapter 7 Trustee
                                           By his proposed counsel,

                                           /s/ Jesse I. Redlener
                                           Jesse I. Redlener BBO#646851

HANIFY & KING<br>
Professional Corporation<br>
One Beacon Street<br>
Boston, MA 02108<br>
(617) 423-0400<br>
jir@hanify.com

DATED: March 25, 2005
*421873*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DOLPHINITE, INC.<br><br>Debtor. | )<br>)<br>) Chapter 7<br>) Case No. 04-12657-JNF<br>)<br>)<br>) |

**MOTION FOR AUTHORITY TO ENTER INTO STIPULATION WITH RESPECT TO PAYMENT OF EXPENSES REGARDING PRODUCTS LIABILITY LITIGATION AND GRANT OF A SECURITY INTEREST TO UNITED STATES FIRE INSURANCE COMPANY IN THE PROCEEDS OF SUCH LITIGATION**

To the Honorable Joan N. Feeney, United States bankruptcy Judge:

Gary W. Cruickshank, as he is the appointed and acting trustee (the "Trustee") of the Chapter 7 Estate of Dolphinite, Inc. ("Dolphinite") hereby moves for the entry of an order authorizing the Trustee to grant United States Fire Insurance Company (the "Insurer") a security interest in the proceeds of certain litigation pertaining to products liability claims (the "Warranty/Contract Litigation") against Clean Seas Company ("Clean Seas") and Suntec Paint, Inc. ("Suntec" and together with Clean Seas, the "Defendants"), based upon the Insurer's funding of the fees and expenses to be incurred in litigating those claims in accordance with the attached stipulation (the "Stipulation"). Pursuant to the Stipulation the Insurer has agreed to advance the sum of twenty-five thousand dollars ($25,000.00) (the "Initial Advance") to Dolphinite to pay the Warranty/Contract Litigation costs and such other advances, as the Trustee deems necessary. The Trustee seeks an order authorizing him to enter into the Stipulation and grant the Insurer a security interest in any recovery with respect to the Warranty/Contract

Ex. B

Litigation, pursuant to 11 U.S.C. §364. In support of this motion (the "Motion") the Trustee states as follows:

### FACTUAL BACKGROUND

1. On April 1, 2004 (the "Petition Date"), Dolphinite commenced a bankruptcy proceeding by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). As of the Petition Date, an estate was created (the "Estate").

2. On July 7, 2004 the United States Trustee filed a *Motion to Convert Case to Chapter 7* (the "Conversion Motion") and on September 20, 2004 the Court granted the Conversion Motion.

3. The Trustee was appointed interim trustee of the Estate on September 22, 2004 and has continued to serve as Trustee since that date.

4. Prior to the Petition Date, Dolphinite entered into a distribution agreement (the "Agreement"), with Clean Seas Company ("Clean Seas") for the right to distribute a certain marine paint product (the "Paint") developed by Clean Seas. Clean Seas engaged Suntec Paint, Inc. to produce and mix the Paint prior to their ultimate distribution to Dolphinite.

5. Dolphinite purchased large quantities of the Paint from Clean Seas and sold the Paint to marine retailers across the Northeast. For a variety of reasons the Paint failed to meet the standard of quality, composition, and use represented by Clean Seas as set forth in the Agreement. As a direct result of the Paint's failure and Clean Seas' breach of the Agreement, Dolphinite has been sued by its various customers and has been forced to defend such litigation at great expense.

6. West Marine Products, Inc. ("West"), a retailer of marine products, purchased the Paint from Dolphinite and has been adversely affected by the Paint's failure. West has paid

various claims and otherwise incurred damages as a result of the Paint purchased from Dolphinite, and the Insurer has paid additional claims on West's behalf. As a result, West and the Insurer have asserted various claims against Dolphinite for damages suffered in connection with its purchase of the Paint.

7. The Trustee has filed a separate application to retain Hanify & King, P.C. ("H&K") as his counsel to prosecute the Warranty/Contract Litigation.

8. The Trustee does not have sufficient assets in the Estate to prosecute the Warranty/Contract Litigation and therefore seeks to retain H&K on a contingency fee basis.

9. The Trustee and the Insurer have reached an agreement with respect to the terms and conditions pursuant to which the Insurer is willing to make one or more advances to Dolphinite for expenses that will be incurred in the prosecution of the Warranty/Contract Litigation.

## GROUNDS FOR RELIEF REQUESTED

10. The Trustee requests the entry of an order authorizing the Trustee to enter into the Stipulation and grant a security interest in the proceeds of any recovery in the Warranty/Contract litigation to the Insurer in connection with its funding of the Warranty/Contract Litigation pursuant to 11 U.S.C. §364(c).

11. As set forth in the Stipulation, the Insurer will make an Initial Advance to Dolphinite in the amount of $25,000 to be used exclusively to pay costs and expenses incurred in connection with the Warranty/Contract Litigation, including but not limited to expert witness fees, stenographer fees, costs associated with the copying and scanning of documents, and travel and lodging expenses of counsel (collectively, the "Expenses").

12. The Trustee requests that the Insurer be granted authority to make any additional advances ("Subsequent Advances") at the request of the Trustee, over and above the Initial Advance, to pay Expenses as they accrue and may do so without further order of the Court. The Subsequent Advances shall be on the same terms as the Initial Advance.

13. Pursuant to the Stipulation, any advances made by the Insurer that are not expended to pay Expenses shall be repaid to the Insurer at the conclusion of the Warranty/Contract Litigation. The Initial Advance and each Subsequent Advance shall be repaid by the Dolphinite Estate without interest and solely from any recovery obtained in the Warranty/Contract Litigation.

14. Because the Dolphinite Estate's liability with respect to repayment of the Initial Advance and any Subsequent Advance is limited to the proceeds of a successful recovery in the Warranty/Contract Litigation, Dolphinite's creditors will not be prejudiced by the grant of a security interest in the proceeds pursuant to Section 364(c) of the Bankruptcy Code.

15. The relief requested herein does not diminish any asset of Estate but may generate additional funds available for distribution to unsecured creditors without risking the Estate's current assets and is in the best interest of the Estate and it's creditors.

## NOTICE

16. The Trustee requests that notice of this Motion and the Stipulation upon the United States Trustee, counsel to the Insurer, counsel to Clean Seas, counsel to Suntec, and those parties requesting service of all pleadings, be deemed sufficient for this Motion.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

    i. Granting the relief requested in this Motion and authorizing the Trustee to enter into the Stipulation;

    ii. Approving notice of the Motion as set forth herein; and

    iii. Granting such other relief as is just and proper.

Respectfully submitted

GARY W. CRUICKSHANK, Chapter 7 Trustee
By his proposed attorneys,

/s/ Charles R. Bennett, Jr.
Charles R. Bennett (BBO #037380)
Jesse I. Redlener (BBO #646851)
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108
(617) 423-0400
(617) 423-0498
crb@hanify.com

Dated: March 25, 2005
::ODMA\PCDOCS\DOCS\426503\1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DOLPHINITE, INC.<br><br>Debtor. | )<br>)<br>) Chapter 7<br>) Case No. 04-12657-JNF<br>)<br>)<br>) |

**STIPULATION REGARDING PAYMENT OF EXPENSES REGARDING PRODUCTS LIABILITY LITIGATION AND GRANT OF A SECURITY INTEREST TO UNITED STATES FIRE INSURANCE COMPANY IN THE PROCEEDS OF SUCH LITIGATION**

This stipulation (the "Stipulation") is entered into this 24th day of March, 2005 on behalf of Gary W. Cruickshank, as he is the appointed and acting trustee (the "Trustee") of the Chapter 7 Estate of Dolphinite, Inc. ("Dolphinite") and United States Fire Insurance Company (the "Insurer") with respect to funding fees and expenses to be incurred by Dolphinite to the law firm of Hanify & King, Professional Corporation ("H&K"), in litigating certain products liability claims against Clean Seas Company ("Clean Seas") and Suntec Paint, Inc. ("Suntec", together, the "Defendants") (the "Warranty/Contract Litigation"). The Insurer has agreed to advance the sum of twenty-five thousand dollars ($25,000.00) ("Initial Advance") to the Dolphinite Estate so that the Trustee can pay for costs incurred in the Warranty/Contract Litigation. In exchange, Dolphinite shall grant the Insurer a security interest in any recovery with respect to the Warranty/Contract Litigation, pursuant to 11 U.S.C. §364, to secure the Initial Advance. The Parties stipulate and agree as follows:

1

EX. C

## RECITALS

A.    On April 1, 2004 (the "Petition Date"), Dolphinite commenced a bankruptcy proceeding by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). As of the Petition Date, an estate was created (the "Estate").

B.    On July 7, 2004 the United States Trustee filed a *Motion to Convert Case to Chapter 7* (the "Conversion Motion") and on September 20, 2004 the Court granted the Conversion Motion.

C.    The Trustee was appointed interim trustee of the Estate on September 22, 2004 and has continued to serve as Trustee since that date.

D.    Prior to the Petition Date, Dolphinite entered into a distribution agreement (the "Agreement"), with Clean Seas Company ("Clean Seas") for the right to distribute a certain marine paint product (the "Paint") developed by Clean Seas. Clean Seas engaged Suntec Paint, Inc. to produce and mix the Paint prior to their ultimate distribution to Dolphinite.

E.    Dolphinite purchased large quantities of the Paint from Clean Seas and sold the Paint to marine retailers across the Northeast. For a variety of reasons the Paint failed to meet the standard of quality, composition, and use represented by Clean Seas and set forth in the Agreement. As a direct result of the Paint's failure and Clean Seas' breach of the Agreement, Dolphinite has been sued by its various customers and has been forced to defend such litigation at great expense.

F.    West Marine Products, Inc. ("West"), a retailer of marine products, purchased the Paint from Dolphinite and has been adversely affected by the Paint's failure. West has paid various claims and otherwise incurred damages as a result of the Paint purchased from Dolphinite, and the Insurer has paid additional claims on West's behalf. As a result, West and

2

the Insurer have asserted various claims against Dolphinite for damages suffered in connection with its purchase of the Paint.

G. The Trustee seeks to retain H&K to prosecute the Warranty/Contract Litigation, pursuant to a separate application filed contemporaneously herewith.

H. The Trustee does not have sufficient assets in the Estate to prosecute the Warranty/Contract Litigation and therefore seeks to retain H&K on a contingency fee basis.

I. Dolphinite and the Insurer have reached an agreement with respect to the terms and conditions pursuant to which the Insurer is willing to make one or more advances to Dolphinite for expenses that will be incurred by Dolphinite in the prosecution of the Warranty/Contract Litigation.

NOW THEREFORE, the Parties hereby agree and stipulate as follows:

1. The Insurer will make the Initial Advance to Dolphinite. The proceeds of such advances shall be used exclusively by the Dolphinite to pay costs and expenses incurred by the Dolphinite Estate in connection with the Warranty/Contract Litigation, including but not limited to expert witness fees, stenographer fees, costs associated with the copying and scanning of documents, and travel and lodging expenses of counsel (collectively, "Expenses").

2. The Initial Advance shall be made by the Insurer upon the entry of an order by the United States Bankruptcy Court. The Insurer shall have no obligation to make any advances in addition to the Initial Advance but may do so without further order of the Court on the request of Trustee ("Subsequent Advances"). Any such Subsequent Advances shall be on the same terms as the Initial Advance.

3. To secure the repayment of the Initial Advance and each Subsequent Advance, the Insurer is granted a security interest in the proceeds of any recovery of the Warranty/Contract

3

Litigation. The entry of the order approving this Stipulation shall be sufficient to perfect the Insurer's interest in the proceeds from the recovery of the Warranty/Contract Litigation, and the Insurer shall not be required to file any other documents, whether pursuant to the Uniform Commercial Code or otherwise, in order to perfect its interest in the proceeds of the recovery of the Warranty/Contract Litigation. Further, the security interest granted herein to the Insurer shall be a first priority security interest and shall not be impaired or otherwise subject to any senior liens or interests.

4. Any advances made by the Insurer which are not expended to pay Expenses shall be repaid to the Insurer at the conclusion of the warranty/Contract Litigation The Initial Advance and each Subsequent Advance shall be repaid by the Dolphinite Estate without interest and solely from any recovery obtained in the Warranty/Contract Litigation. The Insurer's sole right of repayment shall, therefore, be limited to its interest in the proceeds of the recovery of the Warranty/Contract Litigation, and the Insurer shall have no other claim, whether secured, unsecured, administrative or of other priority, against the Estate of Dolphinite or any of its assets, except as provided herein.

5. The Trustee will seek to consolidate the Warranty/Contract Litigation with the Civil Action commenced by West Marine Products and the United States Fire Insurance Company against Clean Seas and Suntec. The automatic stay shall be lifted and West-Marine Products, Inc. and United States Fire Insurance Company shall be permitted to proceed in the lawsuits filed or to be filed in the State and Federal Courts to establish their claims against Dolphinite for their damages, and losses arising out of the failures of the Paints. The rights of West Marine Products, Inc. and United States Fire Insurance Company to recover from

4

Dolphinite shall not be limited to the proceeds of the recovery of the Warranty/Contract Litigation.

6. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

7. Subject to the final approval of this Stipulation by the bankruptcy court this Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

8. This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an instrument executed and delivered under seal under the law of The Commonwealth of Massachusetts.

9. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile.

10. This Stipulation shall have no force or effect unless and until it is approved by the Bankruptcy Court.

Dated March 2?/2005

GARY W. CRUICKSHANK, Chapter 7 Trustee
By his proposed attorneys,

Charles R. Bennett (BBO #037380)
Jesse I. Redlener (BBO #646851)
Hanify & King, P.C.
One Beacon Street

5

Boston, MA 02108
(617) 423-0400
(617) 423-0498

UNITED STATES FIRE INSURANCE
COMPANY
By its attorneys,

_____
Joanne L. Goulka
Griffin & Goulka
477 Main Street
Stoneham, MA 02180
(781) 279-9858

Dated: March ____, 2005
::ODMA\PCDOCS\DOCS\422198\1

6