UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC. and UNITED STATES FIRE INSURANCE COMPANY,<br>    Plaintiffs,<br><br>v.<br><br>DOLPHINITE, INC.,<br>CLEAN SEAS COMPANY, and<br>SUNTEC PAINT, INC.<br>    Defendants. | CIVIL ACTION<br>NO. 04-10251-PBS |

**DEFENDANT CLEAN SEAS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION OF
<u>MAGISTRATE'S ORDER DATED MARCH 23, 2005</u>**

Defendant Clean Seas respectfully requests that Plaintiffs' Motion for Reconsideration be denied.  In the instant case, this Court, after considering the relevant factors under 28 U.S.C. § 1404, recommended that this case be transferred to the Middle District of Florida.  In its moving papers, plaintiffs have not met its burden in demonstrating a "change in circumstances" warranting reconsideration of the Court's decision.  Plaintiffs rely solely on evidence that, in addition to being unsupported by affidavit, resulted completely from their own negotiations with the Bankruptcy Trustee of one of the named defendants in this action.  Specifically, just two days after this Court handed down its recommendation allowing Clean Seas' motion to transfer, plaintiff United States Fire Insurance Company (hereinafter "US Fire") negotiated an agreement whereby it would advance Dolphinite $25,000 to pursue its claim against Clean Seas.  The plaintiffs' intent in doing so was to lift the stay on the <u>Dolphinite, Inc v. Clean Seas, Co., et al.</u> litigation, creating a "change in circumstance" permitting it to oppose the Magistrate's Recommendation based upon an increased likelihood of consolidation.

Not only does this tactic raise ethical considerations, as US Fire is now funding it's adversary in pursuing litigation against another named defendant in the instant case, but the mere filing of motions and applications by the Bankruptcy Trustee to permit Dolphinite to pursue its claim against Clean Seas does not amount to a showing of "change in circumstances" warranting reconsideration.  Further, even if the Court does conclude that the plaintiff has met its burden in demonstrating a change in circumstances, the weighing of all relevant convenience factors still does not sufficiently shift the balance of conveniences against transferring this case to the Middle District of Florida.

   1. **The speculation that the administrative stay will eventually be lifted on <u>Dolphinite v. Clean Seas,</u> as well as what the Trustee "shall seek to" to with respect to consolidation of the two claims, does not create a "change in circumstances" warranting reconsideration of the Magistrate's Recommendation.**

The plaintiffs, by their own admission, have themselves attempted to create a "change in circumstances" justifying reconsideration of this Court's Recommendation to transfer this case to the Middle District of Florida.  The central theory behind plaintiffs' motion is that, after the Magistrate handed down its Recommendation, the filing of the motions and applications by Dolphinite's Bankruptcy Trustee based upon US Fire's offer to advance Dolphinite $25,000 in litigation expenses has increased the likelihood that the stay that currently exists on the <u>Dolphinite v. Clean Seas</u> claim will be lifted.  Based upon these speculations and assumptions, the plaintiffs reach the ultimate conclusion that there is no longer uncertainty surrounding the consolidation of the two claims.

Clean Seas disagrees with this conclusion as well as the conjecture, wholly unsupported by the record that was used to reach it.  In the Magistrate's Recommendation, in addition to determining that that transfer would be more convenient for parties and witnesses, the Court

2

states "[i]t is therefore uncertain when [Dolphinite] will proceed and whether consolidation would be practical. Consequently, the court cannot conclude that consolidation is likely." *Magistrate's Recommendation* at 24. In reality, the administrative status of the Dolphinite matter has not changed. The filings of the Bankruptcy Trustee, as well as a statement of what the "Trustee shall seek to" do, especially when the methods through which this alleged "change of circumstances" was brought about, do not serve to alter the uncertainty surrounding the Dolphinite litigation. The Court should not be persuaded by evidence that is purely based upon assumptions and predictions as to the outcome of several applications and motions that have yet to be ruled upon or will be filed in the future.

Even if these motions are granted, there still remains uncertainty as to whether consolidation of these claims is possible at all. Although the plaintiffs set forth an empty conclusion to the contrary, there is no guarantee that a Court will conclude that the legal and factual issues surrounding these two claims are sufficiently related. For example, California law will be applied to the dispute between West Marine and Dolphinite; whereas Massachusetts or Florida law will be applied to the claim between Dolphinite and Clean Seas. Further, the claims involve two completely separate distribution agreements with two distinct courses of performance. Hence, the uncertainty surrounding the consolidation of these claims still exists and plaintiffs' motion for reconsideration should be denied.

2. **Even if the Court concludes that the likelihood of consolidation has been increased by the Bankruptcy Court filings, which it should not, the facts alleged still do not shift the balance of conveniences against transferring this case to the Middle District of Florida.**

Even if the Court makes all of the assumptions the plaintiffs request it to and concludes that the possibility of consolidation has been increased, which it should not, the weighing of relevant factors pursuant to the authorities interpreting 28 U.S.C. § 1404(a) still weigh in favor of

3

transfer. While the possibility of consolidation would weigh in favor of keeping this matter in this forum, it is only one such factor. As correctly concluded by this Court, the convenience of the parties and witnesses and the fact that Florida is a forum whereby personal jurisdiction may be exercised over both Florida defendants weigh strongly in favor of transferring the litigation to the Middle District of Florida. Further, while there usually is a strong presumption in favor of the plaintiff's choice of forum, this presumption is afforded less significance in cases where no plaintiff resides in the chosen forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 & n. 23, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)(noting that "[c]itizens or residents deserve somewhat more deference than foreign plaintiffs"). Such is the situation currently before the Court. In light of the foregoing, even with an increased likelihood of consolidation of these claims, the Magistrate's Recommendation correctly transferred this case to the Middle District of Florida. Therefore, plaintiffs' motion for reconsideration should be denied.

## CONCLUSION

For the reasons stated above, this Court should deny plaintiffs' Motion for Reconsideration of the Magistrate's Order dated March 23, 2005.

>Respectfully submitted,
>Defendant Clean Seas Company,
>
>
>/s/ Michael J. Fioretti
>Michael J. Fioretti, Esq. (Pro Hac Vice)
>CHANCE & McCANN, L.L.C.
>201 West Commerce Street
>Bridgeton, New Jersey 08302
>(856) 451-9100
>
>/s/ Marie Cheung-Truslow
>Marie Cheung-Truslow, Esq. BBO # 558659
>Smith & Brink
>122 Quincy Shore Drive
>Quincy, MA 02171

4

Dated:  April 13, 2005

## CERTIFICATE OF SERVICE

    I, Michael J. Fioretti, attorney admitted pro hac vice in the above action for defendant, Clean Seas Company, hereby certify that, on April 13, 2005, I served a courtesy copy of this document by regular mail, postage prepaid, to all counsels of record as follows:

Joanne L. Goulka
92 Montvale Avenue, Suite 2700
Stoneham, MA 02180

Scott L. Machanic, Esq,
Cunningham, Machanic, Ceitlin, Johnson & Harney, LLP
220 N. Main Street
Natick, MA  01760

                                      /s/ Michael J. Fioretti_____
                                      Michael J. Fioretti


                                      /s/ Marie Cheung-Truslow_
                                      Marie Cheung-Truslow