UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC. )<br>and UNITED STATES FIRE )<br>INSURANCE COMPANY, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>GARY W. CRUICKSHANK, CHAPTER 7 )<br>TRUSTEE OF DOLPHINITE, INC., )<br>CLEAN SEAS COMPANY, and )<br>SUNTEC PAINT, INC. )<br>    Defendants. ) | CIVIL ACTION<br>NO. 04-10251-PBS |

**DEFENDANT CLEAN SEAS' REPLY TO
GARY W. CRUICKSHANK'S OPPOSITION TO CLEAN SEAS COMPANY'S
<u>MOTION TO DISMISS OR TO TRANSFER</u>**

Clean Seas Company hereby submits this reply, maintaining that this cause of action should be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).  First, the strong presumption in favor of the plaintiff's choice of forum does not exist since no plaintiff is a resident of Massachusetts.  Secondly, this forum is inappropriate since the Court does not have jurisdiction over Suntec, one of two solvent defendants already dismissed from this cause of action.  Third, the above captioned matter should not be consolidated with *Gary Cruickshank, Chapter 7 Trustee For The Estate of Dolphinite, Inc. v. Clean Seas, Inc. and Suntec*, U.S.D.C. District of Mass., Civil Action No. 03-11659-PBS ("the Dolphinite Action").  Fourth, the locus of Dolphinite's bankruptcy proceedings is not relevant to this Court's determination of the issues raised by this motion.  Finally, weighing the relevant convenience factors identified by Clean Seas in its initial filing against those offered by plaintiffs in their opposition demonstrates why the Middle District of Florida is clearly a more convenient forum.

1. **Since there is no Massachusetts plaintiff in this matter, the presumption in favor of the plaintiff's chosen forum is weakened.**

While there ordinarily is a strong presumption in favor of the plaintiff's choice of forum, this strong presumption is greatly weakened where plaintiff's chosen forum is not also its home. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 102 S.Ct. 252, 265-66, 70 L.Ed.2d 419 (1981). In the instant matter, the chosen forum is not the home of either plaintiff. West Marine is a California corporation and United States Fire Insurance Company, as subrogee of West Marine, has a principal place of business in New Jersey. Hence, the presumption in favor of the plaintiffs' choice of forum is greatly weakened. *Id.* With this starting point, it is clear that when the convenience factors identified by defendant Clean Seas in its initial filing are weighed against those offered by Gary W. Cruickshank in his opposition, the Middle District of Florida exists as a more convenient forum.

2. **Massachusetts is not an appropriate forum since Suntec is not amenable to personal jurisdiction and has already been dismissed from this action.**

While the Trustee argues that the interests of justice cannot be served if the Court's prior ruling on Suntec's motion to dismiss is allowed to stand, the portion of the Magistrate's recommendation dismissing Suntec for lack of personal jurisdiction has already been adopted by Judge Saris on April 20, 2005 and Suntec is no longer a party to this action. Suntec, a party that played a significant role in the manufacturing process of the allegedly defective paint, would be amenable to jurisdiction in a Florida District Court. Since the rights and liabilities pertaining to this action may only be fully adjudicated if Suntec is a party to this action, it is clear that transfer is justified.

Although the Trustee argues that there are ample grounds for this Court to exercise jurisdiction over Suntec, this assertion fails for various reasons. First, the Court should not

reconsider its Order allowing Suntec's motion to dismiss as requested. If the Trustee wishes the Court to take such an action, he must file the proper motion. Secondly, as discussed in Suntec's reply memorandum in support of its motion to dismiss in the Dolphinite action, Suntec did not undertake any purposeful action to serve customers in Massachusetts. Further, the statements made by Suntec in pleadings in New Jersey cases are taken out of context and irrelevant to this Court's determination of the instant motion. The present circumstances surrounding personal jurisdiction over Suntec are exactly the same as those upon which the Magistrate originally recommended that this case be transferred to Florida. Hence, the same conclusion should be reached now.

### 3. This matter should not be consolidated with the Dolphinite action.

As previously argued by Clean Seas in its *Reply to West Marine's Opp. to Clean Seas Mot. Transfer* and supplemental opposition to plaintiff's motion to consolidate in the Dolphinite action (Attached), the two claims should not be consolidated. **See Attachment 1.** While there are some similar factual issues between the two claims with respect to the allegedly defective nature of the product at issue, the legal issues and identities of parties contained within the two matters are not identical. First, West Marine is not involved in the Dolphinite action, injecting a completely different party with separate rights and liabilities apart from those present in this case. Secondly, the allegations with respect to Clean Seas in this case are grounded in tort-based warranty theories, in contrast to the contract-based liability alleged in the Dolphinite matter. Thirdly, the two cases will necessarily involve the interpretation of two separate distribution contracts (West Marine and Dolphinite/Dolphinite and Clean Seas) with the laws of two different for a appled to each (California law/Massachusetts or Florida). Due to these

differences in the two claims, any potential judicial efficiency promoted through consolidation is definitely outweighed by the strong potential for jury confusion that would result.

Further, the conflict of interest created by permitting one party to fund the litigation costs of its adversary in a consolidated proceeding should prevent such consolidation from occurring. If the instant matter were to be consolidated with the Dolphinite action, pursuant to the stipulation entered into between U.S. Fire and Dolphinite, a plaintiff will be funding the litigation costs and attorney's fees of its adversary in the consolidated proceeding. As previously argued, this arrangement would compromise the duty of loyalty and confidentiality owed by the Trustee's counsel to his client. **See Attachment 1.** In light of these considerations, the two matters should not be consolidated. Hence, the possibility of consolidation is not a factor weighing against transfer in this instance.

**4. The locus of Dolphinite's bankruptcy proceeding is irrelevant to the Court's analysis of relevant convenience factors pursuant to § 1404(a).**

This Court should not consider the locus of Dolphinite's bankruptcy proceedings in reaching its conclusion. In contrast to the authorities cited by the Trustee in support of his position, this motion does not seek to transfer the bankruptcy proceedings of Dolphinite, nor is this case being tried as an adversarial proceeding in the Bankruptcy Court. The results of this litigation will have the same impact on the bankruptcy estate no matter where the proceedings are held.

Moreover, consolidation of the two matters will have no effect on the Trustee's ability to administer Dolphinite's estate. The estate will be able to be administered no more efficiently or economically whether the trial is held here or in Florida. The cost differential to the estate is also minimized due to the fact that the Trustee's costs and fees associated with this litigation and the Dolphinite action are being paid by U.S. Fire. Further, the possibility of inconsistent

results is reduced by transferring this case to Florida where jurisdiction may be exercised over all of the named defendants in each action. Finally, the Court's prior recommendation to transfer this case should not be altered based on the fact that Dolphinite and the plaintiffs in this matter have manufactured a "change in circumstance" through an agreement to advance litigation expenses.

    **5. The convenience of parties and witnesses and ease of access to proof favor transferring the trial proceedings to Florida.**

As previously argued by Clean Seas and written by the Magistrate Judge in her Recommendation, Florida is a more convenient forum in which to litigate this action. Starting with a weakened presumption in favor of plaintiffs' forum selection, the convenience factors promoted through transfer greatly outweigh those afforded to only one of the named defendants if the trial were to be held in Massachusetts. Since two of the named defendants in this action (assuming jurisdiction is exercised over Suntec in Florida) have their principal places of business in Florida, the majority of the documents and witnesses with respect to these parties will be found in Florida. Further, if the jury wishes to view the premises upon which the allegedly defective product was manufactured or mixed, Florida is the only forum permitting such access. There is no greater inconvenience to West Marine or U.S. Fire in having the trial moved to Florida. The transfer of venue would also enable the plaintiffs to pursue both of the solvent defendants in a single action. Finally, this is not a cause of action involving "injuries sustained in a particular locale" as the Trustee suggests. The fact that 44 out of thousands of consumers are located within this Commonwealth does little to override the incredible burden that Clean Seas would be faced with if it were forced to defend in this jurisdiction.

## CONCLUSION

Based on the foregoing and the original moving papers submitted by Clean Seas Company, this Defendant respectfully requests that this Court grant its motion to transfer these trial proceedings to the Middle District of Florida.

> Respectfully submitted,
>
> CLEAN SEAS COMPANY
> By its attorneys
>
>
> /s/ Michael J. Fioretti_____
> MICHAEL J. FIORETTI (Pro Hac Vice)
> CHANCE & McCANN, LLC
> 201 West Commerce Street
> Bridgeton, NJ    08302
> (856) 451-9100

## CERTIFICATE OF SERVICE

I, Michael J. Fioretti, attorney for Defendant Clean Seas Company in the above-captioned matter, hereby certifies that a courtesy copy of this document was served upon the attorney of record for each party by overnight mail, postage prepaid on July 25, 2005.  On this date, this document was also electronically filed with the Clerk of the District Court using the CM/ECF system.

> /s/ Michael J. Fioretti_____
> MICHAEL J. FIORETTI