UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST MARINE PRODUCTS, INC., ) <br> and UNITED STATES FIRE ) <br> INSURANCE COMPANY, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GARY W. CRUICKSHANK, ) <br> CHAPTER 7 TRUSTEE OF ) <br> DOLPHINITE, INC., CLEAN ) <br> SEAS COMPANY, and ) <br> SUNTEC PAINT, ) <br>     Defendants ) | CIVIL ACTION <br> NO. 04-10251-PBS |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT CLEAN SEAS' REPLY TO
DEFENDANT TRUSTEE'S OPPOSITION TO
MOTION TO DISMISS OR TO TRANSFER**

The plaintiffs submit this Memorandum in Opposition to the Defendant Clean Seas' Reply to Gary W. Cruickshank's Opposition to Clean Seas Company's Motion to Dismiss or to Transfer for the purpose of responding to Clean Seas' contention that it is somehow unethical for the plaintiff United States Fire Insurance Company to advance costs to the Bankruptcy Trustee for use in litigating his claims against Clean Seas.

Clean Seas misrepresents the nature of the transaction between United States Fire and the Trustee. The agreement was not between Mr. Bennett or Hanify & King, the Trustee's counsel, and United States Fire. It was between United States Fire and the Trustee. Mr. Bennett and his firm owe no obligations of any kind to

United States Fire. The money advanced to the Trustee, and any moneys that might be advanced in the future, constitute a loan to the Bankruptcy Estate. The Bankruptcy Estate is contractually obligated to repay that loan, out of the proceeds of any recovery which the Bankruptcy Estate receives. Any security interest United States Fire gets is limited to the amount of the costs advanced, and does not extend to any recovery it has on the merits of its claims against the Trustee. Further, the moneys advanced are not permitted to be used to pay for the fees for services to be rendered by the Trustee's counsel. The Agreement between the parties limits the use of those advances to payment of litigation costs that might be incurred by the Trustee. Consequently, Rule 3:07 - Mass.R.Prof.C. 1.8(f) does not apply.

Even if it were to apply, there is no violation of Mass.R.Prof.C. 1.8(f). An attorney may, consistently with the rule, accept compensation for representing a client from one other than the client if: "(1) the client consents after consultation; (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and (3) information relating to representation of a client is protected as required by Rule 1.6." The agreement which was entered into was not between the firm representing the Trustee, Hanify & King, but between the Trustee and United States Fire. Obviously, then, the client has consented to the advance of funds. United States Fire exercises no control over the use of the funds. Nothing contained in the agreement allows United States Fire to make any decisions about how the funds are expended. Clean Seas has made no showing that there

has been or will be any actual interference with either Mr. Bennett's independent judgment or his relationship with the Trustee. Similarly, nothing in the agreement requires any disclosure of confidential information. Indeed, the expenditures made by the Trustee would become public information at some point because of the accountings that must be made to the Bankruptcy Court.

The arrangement between the Trustee and United States Fire may appear novel but it is only a variation on a theme common to tort litigation. Defendants commonly agree to share the expenses of experts under a joint defense agreement even if they have crossclaims against each other. When that occurs, they actually share the same expense, and they never expect to be reimbursed for their share of those common expenses. The ties in this action between the Trustee and United States Fire are even more indirect than that. The Trustee can spend the advance however he chooses, and is expected to reimburse United States Fire.

In both situations the parties are adverse to each other on some issues, but they share a common interest in proving some other issues. Just as multiple defendants share an interest in disproving a plaintiff's damages, in this case, both the Trustee and United States Fire have a common interest in proving that Clean Seas is responsible for the defects in the paint. Clean Seas seems to think there is something wrongful about the Trustee "insinuating" that he might concede contractual liability to West Marine, but if, in fact, Clean Seas was responsible for the

defects in the paint, it would be more appropriate to make such a concession than it would be to raise frivolous defenses to plaintiffs' claims.

        Plaintiffs,
        By their attorneys,
        GRIFFIN & GOULKA LLC

        *Joanne L. Goulka*
        Joanne L. Goulka
        477 Main Street
        Stoneham, Massachusetts 02180
        (781) 279-9858
        B.B.O. #205500

### CERTIFICATE OF SERVICE

Joanne L. Goulka, attorney for the plaintiffs in the above-entitled action, hereby certifies that a courtesy copy of this document was served upon the attorney of record for each party by regular mail, postage prepaid, on July 26 , 2005.

*Joanne L. Goulka*
Joanne L. Goulka